In re UNR INDUSTRIES, INC., Unarco Industries, Inc., UNR, Inc., UNR–Rohn, Inc., (Alabama), UNR–Rohn, Inc., (Indiana), Jobal Tube Co., Inc., UNR Products, Inc., and Folding Carrier Corp., Debtors/Appellants,

v.

PATERSON FACTORY WORKERS, Appellees.

Nos. 82 B 4841–9845, 82 B 9847, 82 B 9849, 82 B 9851 and 94 C 4199.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 29, 1994.

Bret Andrew Rappaport, Schwartz, Cooper, Greenberg & Krauss, Harold C. Hirshman, Robert B. Millner, Sonnenschein, Nath & Rosenthal, Chicago, IL, for UNR Industries, Inc.

Harold C. Hirshman, Robert B. Millner, Sonnenschein, Nath & Rosenthal, Chicago, IL, for Unarco Industries, UNR, Inc., UNR–Rohn, Inc. (Alabama), UNR–Rohn, Inc. (Indiana), Jobal Tube Co., Inc., UNR Products, Inc., Folding Carrier Corp.

George A. Davidson, Theodore V.H. Mayer, Hughes, Hubbard & Reed, New York City, Richard G. Smolev, Sachnoff & Weaver, Ltd., Chicago, IL, for UNR Asbestos Disease Claims Trust.

Gary Irwin Blackman, Bryan I. Schwartz, Boehm, Pearlstein & Bright, Ltd., Chicago, IL, John J. McConnell, Jr., Ness, Motley, Loadholt, Richardson & Poole, Providence, RI, Jon L. Gelman, Wayne, NJ, for Paterson Factory Workers.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on an appeal filed by the debtors in a Chapter 11 bankruptcy proceeding. Jurisdiction for this proceeding is proper pursuant to 28 U.S.C. § 151(a). For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

## DISCUSSION

The background of the Chapter 11 case is fully recounted in Bankruptcy Judge David H. Coar's Memorandum Opinion dated June 14, 1994. As such, our recitation of the facts will be brief. The debtor/appellant, UNR Industries, Inc., and several of its subsidiaries and affiliates (collectively "UNR"), is the successor to a corporation which manufactured asbestos for many years. In the 1970s UNR became the defendant in several thousand asbestos-related personal injury lawsuits. Consequently, UNR filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on July 29, 1982 to protect itself from asset drain in defending the asbestos-related lawsuits. The appellees consist of former employees and survivors of former employees who worked at UNR's asbestos manufacturing facility in Paterson, New Jersey ("the Paterson Workers").

UNR appeals a June 14, 1994 Order entered by Judge Coar ("the Paterson Classification Order") which classified the claims of the Paterson Workers under the Confirmed Plan of Reorganization ("the Plan") in this case. *In re UNR Indus.*, Slip Op. No. 82B9848–9845, 82B9847, 82B9849 & 82B9851 (Bankr.N.D.Ill. June 14, 1994). The Paterson Classification Order classified the Paterson Workers' pre-petition asbestos disease claims under the Plan as *both* Class 2 claims entitled to full payment from reorganized

UNR *and* Class 5[1] claims, entitled to pro rata payment through a trust created pursuant to the Plan for the benefit of all holders of asbestos-disease claims. Under the Plan, Class 2 claims are defined as "Workmens' Compensation claims subject to the [Bankruptcy] Court's July 29, 1982 Order granting Application to Authorize the Payment of Pre–Petition Workmens' Compensation Claims." The 1982 Order was entered by Judge Merrick.

Judge Coar's Paterson Classification Order was almost exclusively based upon his prior ruling on a similar classification question regarding UNR workers who were employed at UNR's Bloomington, Illinois plant (the "Bloomington Workers"). In the prior Bloomington proceeding the Bloomington Workers asked Judge Coar to interpret the same Plan presently in issue and argued, as do the Paterson Workers, that their asbestos-disease claims were entitled to *both* Class 5 and Class 2 classification. In his July 28, 1992 Memorandum Opinion ("the Bloomington Classification Order"), Judge Coar noted that the Plan's definition of Class 2 claimants was dependent upon an interpretation of the July 29, 1982 Order ("the 1982 Order") which was incorporated into the Plan. *In re UNR Indus.*, 143 B.R. 506 (Bankr.N.D.Ill.1992), *rev'd and remanded, UNR Indus. v. Bloomington Factory Workers*, 173 B.R. 149 (N.D.Ill.1994). Judge Coar found the 1982 Order to be ambiguous, and interpreted the language of the 1982 Order based on Judge Merrick's intent in 1982 at the time the Order was entered. The Court concluded that Judge Merrick intended the Order to apply to all workers' compensation claims in general, without distinguishing among types of worker's compensation claims or their statutory bases. Accordingly, Judge Coar held that the Bloomington Workers' asbes-

tos-disease claims were entitled to Class 2 classification.

Likewise, in his Paterson Classification Order, Judge Coar held that the Paterson Workers' asbestos-disease claims were entitled to Class 2 classification because it was Judge Merrick's intent that the 1982 Order apply to all workers' compensation claims in general.

■ UNR appeals the Bankruptcy Court's classification of the Paterson Workers' claims as Class 2 claims on numerous grounds. UNR's primary argument is that Judge Coar used an improper analysis in interpreting the Plan. According to UNR, instead of construing the Plan based on Judge Merrick's intent in 1982, Judge Coar should have looked to the intent of the parties to the Plan in 1989 at the time the Plan was proposed and accepted.

■ UNR's arguments are not new for they have recently been addressed and accepted by Judge Aspen in his recent decision reversing and remanding Judge Coar's Bloomington Classification Order. *In re UNR Indus. v. Bloomington Factory Workers*, 173 B.R. 149 (N.D.Ill.1994). Judge Aspen held that the bankruptcy court used an improper analysis in determining whether the Bloomington Workers' asbestos-disease claims were entitled to Class 2 classification. According to Judge Aspen, the intent of the parties to the Plan, rather than Judge Merrick's intent, controls the construction of the 1982 Order which was incorporated into the Plan. We agree with Judge Aspen's analysis. A plan of reorganization is analogous to contract or consent decree, and as such state law contract principles should be used to construe its terms. *In re Doty*, 129 B.R. 571, 591 (Bankr.N.D.Ind.1991). *See also In re UNR Indus.*, 173 B.R. at 157, (and cases

---

1. The Plan defines Class 5, impaired Asbestos–Disease Claims, as follows:

   All alleged liabilities or obligations ... for death, personal injury, personal damages or punitive damages ... whether or not included in the definition of "claim" in § 101(4) of the Code, arising out of exposure to asbestos, and arising from acts or omissions by one or more or the Debtors or the Debtors' predecessors in interest prior to the effective Date, regardless of when the sickness, injury or disease which

gives rise to such liability or obligation, becomes or will become manifest, including without limitation, all warranty, guarantee, indemnification or contribution liabilities or obligations of any of the Debtors to any other Entity to the extent that such warranties, guarantees, indemnifications or contribution responsibilities to such Entity cover claims against such Entity that would, if such claims had been made directly against any of the Debtors, constitute Asbestos–Disease Claims.

cited therein). The proper inquiry, therefore, is what the parties to the Plan intended Class 2 claims to include. On remand the bankruptcy court must determine what the parties' common understanding of the parameters of Class 2 was in 1989, at the time the 1982 Order was incorporated and confirmed into the Plan. Alternatively, if the court finds that the parties did not have an independent understanding on the issue, and that the parties intended Class 2 to be defined exclusively on what the 1982 Order dictated, then the intent of the parties that were present at the approval of the 1982 Order should be controlling, since the 1982 Order "bears a closer resemblance to an agreed order than a disputed one." *See Id.* at 158.

■ The Paterson Workers argue that we are not bound by Judge Aspen's decision and further suggest that their claims differ from the Bloomington Workers' situation such that Judge Aspen's ruling is of little or no significance to this case. In support they cite to Judge Aspen's Minute Order denying UNR's motion for reassignment and consolidation of the two appeals based on relatedness. Notwithstanding Judge Aspen's relatedness ruling, the Paterson Workers cannot deny the similarity of their claims to the Bloomington Workers.[2] In fact, Judge Coar expressly rejected such arguments in his Paterson Classification Order in refusing to distinguish between the Paterson and Bloomington Workers' claims for workers' compensation. *See In re UNR,* June 14, 1994 Slip.Op. at 10. Moreover, it is clear that the pivotal basis of Judge Coar's Paterson Classification Order was the Bloomington Classification Order. Judge Coar repeatedly and primarily relied upon his findings and conclusions in his Bloomington Classification Order.

The Paterson Workers further argue that Judge Aspen erred in his decision. In support, the Paterson Workers claim that Judge Aspen's finding that Judge Coar used an improper analysis to interpret the 1982 Order is not supported by the facts or the case law. Their attacks, however, are without

merit. The Paterson Workers basically argue that Judge Aspen erred in finding fault with Judge Coar's analysis because "(1) [n]one of the cases relied upon by Judge Aspen involve the interpretation of a court order incorporated into a plan, and (2) [t]he cases cited involve either an interpretation of an ambiguous plan or consent decree." Brief of Appellee at 27. As we see it, the fact that the Plan incorporates an order should not change the general rules in construing a Plan. As stated above, the parties incorporated the 1982 Order into the agreed upon Plan; at that point in time the parties must have had a common understanding as to the meaning of the order. A confirmed bankruptcy reorganization plan has aptly been characterized as a "new and binding contract" consisting of "an offer of promises made by a debtor and accepted by the creditors following protracted negotiations." *Matter of Penrod,* 169 B.R. 910, 916 (Bankr. N.D.Ind.1994) (citations and internal quotation marks omitted). The fact that disputed language in the Plan may have been blessed by a judge at an earlier date should not take the language out of its proper context—that of an agreed upon term in a contract. Accordingly, we find that it is the intent of the parties to the Plan, not Judge Merrick's intent, that controls the construction of the language in dispute.

Finally, both parties ask us to make findings of fact which Judge Coar expressly refused to make. Because we are not able to do this based on the record before us, we decline their request and remand for the appropriate findings consistent with the directives set forth above.

## CONCLUSION

For the reasons stated above, the bankruptcy court's June 14, 1994 Paterson Classification Order is reversed and remanded for proceedings consistent with this opinion.

---

**2.** Additionally, we note that at the heart of Judge Aspen's relatedness ruling was his concern that a "ruling [was] imminent" in the Bloomington Workers' appeal, whereas the Paterson Workers' appeal had not yet been fully briefed.