In re S.N.A. NUT COMPANY, Debtor.

S.N.A. NUT COMPANY, Plaintiff,

v.

The HÄAGEN–DAZS COMPANY, INC., Defendant.

Bankruptcy No. 94 B 5993.
Adversary No. 96 A 1237.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 24, 1997.

James R. Figliulo, Chicago, IL, for Movant or Plaintiff.

Catherine Steege, Chicago, IL, for Defendant.

Arthur G. Simon, Trustee.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This case comes before the Court on the Motion of the Defendant, The Häagen–Dazs Company, Inc. (hereinafter "HD"), for summary judgment, pursuant to Federal Rule of Bankruptcy Procedure 7056. For the reasons set forth herein, the Court denies the motion.

## JURISDICTION

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334(b) and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It constitutes a non-core proceeding, but is otherwise related to the bankruptcy case under 28 U.S.C. § 157(c)(1).

## FACTS

On March 4, 1994, five petitioning creditors filed an involuntary chapter 11 petition against S.N.A. Nut Company (hereinafter"S.N.A.") in the United States Bankruptcy Court for the Western District of Texas. On March 24, 1994, S.N.A. consented to the entry of an order for relief.

S.N.A. is an Illinois corporation, headquartered in Elk Grove Village, Illinois, with its principal place of business in Chicago. S.N.A. engaged in the business of buying, shelling, processing, and selling pecans and other nut products to industrial food producers. HD, a New Jersey corporation which primarily manufactures ice cream, was one of S.N.A.'s long time customers. S.N.A. manufactured nuts and confections that HD used to make ice cream. After the petition was filed, S.N.A. continued to operate as a nut processor.

In mid-October, 1994, S.N.A.'s secured lenders, known in this case as the Bank Group, refused the Debtor's request to finance S.N.A.'s operations for 1995. As a result, S.N.A. was forced to liquidate its assets. On October 24, 1994, S.N.A. and the Bank Group filed a joint reorganization plan (hereinafter the "Plan") and disclosure statement. Throughout November and early December, 1994, S.N.A. and the Bank Group amended the Plan and the disclosure statement. On December 6, 1994, the Court approved an amended disclosure statement. On December 10, 1994, S.N.A. mailed the amended disclosure statement, the Plan and balloting materials to the creditors. On January 12, 1995, the Court confirmed the Plan which calls for S.N.A. to cease operations, turn all S.N.A.'s assets into cash and distribute proceeds to the creditors.

In accordance with the Plan, S.N.A. continued operations, processing nuts for many months after the confirmation hearing. On February 28, 1995, S.N.A. filed the first of its two adversary complaints against HD. In the first adversary proceeding, S.N.A. alleged that it made nine shipments of pecans to HD between September 30, 1994 and November 30, 1994. HD admitted that it had not paid for seven post-petition shipments that it received, asserting that these shipments were made pursuant to a pre-petition one year supply contract dated February 18, 1994, and that Debtor breached the contract by rejecting it. As an affirmative defense and counterclaim, HD sought to recover damages for S.N.A.'s alleged breach of the contract as a setoff to S.N.A.'s claims. The Court determined that the contract was rejected under a general provision of the Plan which provided that all executory contracts that S.N.A. had not assumed or rejected at the time of the confirmation were deemed rejected. The Court concluded that HD's claim was "pre-petition," and under 11 U.S.C. § 553(a), lacked the mutuality required to be a setoff against S.N.A.'s post-petition claim. (*See* HD's 402(M) Statement, ¶ 12);[1] *In re S.N.A. Nut Co.*, 191 B.R. 117, 122 (Bankr.N.D.Ill. 1996). On December 4, 1996, the Court entered an Agreed Order resolving S.N.A.'s claims against HD in the first adversary proceeding and preserving S.N.A.'s claims in the second adversary proceeding. (*See* S.N.A.'s 402(N) Statement, ¶ 17).

---

1. Citations to Rule 402 refer to the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

On September 6, 1996, S.N.A. filed the second and instant adversary proceeding asserting HD's breach of contract as well as promissory estoppel claims against HD in the amount of $1,338,372.20. The complaint alleges that HD failed to perform under a series of oral sales contracts entered into prior to the confirmation hearing which required HD to purchase various types of specially manufactured goods. Of this series of contracts the last two were to expire by their own terms on December 31, 1995, which was subsequent to December 10, 1994, the date of the amended Plan, but prior to the date of the Confirmation Order of January 12, 1995. After researching its claim, S.N.A. made its demand on HD for damages. HD then moved the Court to dismiss the complaint for lack of jurisdiction or, in the alternative, for the Court's abstention. The Court found that jurisdiction over Debtor's complaint exists and declined to abstain, finding that the complaint "relates to" Debtor's bankruptcy estate, in that the outcome of the case affects the distribution to creditors under the Plan. *In re S.N.A. Nut Co.*, 206 B.R. 495, 501 (Bankr.N.D.Ill.1997).

On June 27, 1997, HD filed this motion for summary judgment.

## STANDARDS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c) (made applicable by Federal Rule of Bankruptcy Procedure 7056), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Matsushita Elect. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990). The burden is on the moving party to show that there is no such factual dispute. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

The party opposing the motion may not rest upon pleadings, allegations or denials. The response of that party must set forth in required filings specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *Randle v. LaSalle Telecommunications, Inc.,* 876 F.2d 563, 567 (7th Cir.1989); *Patrick v. Jasper County,* 901 F.2d 561, 564–66 (7th Cir. 1990).

On summary judgment motions, inferences to be drawn from underlying facts must be viewed in the light most favorable to parties opposing the motion. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14; *Matsushita; Peerman v. Georgia–Pacific Corp.,* 35 F.3d 284, 286 (7th Cir.1994); *Billups v. Methodist Hospital of Chicago,* 922 F.2d 1300, 1302 (7th Cir.1991). However, a material factual dispute is sufficient to prevent summary judgment only when the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Howland v. Kilquist,* 833 F.2d 639, 642 (7th Cir.1987).

The court should not "weigh the evidence." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11; *Illinois Bell Telephone Co. v. Haines and Company, Inc.,* 905 F.2d 1081, 1087 (7th Cir.1990). However, "[i]f evidence opposing summary judgment is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 250, 106 S.Ct. at 2510, 2511; *Trautvetter,* 916 F.2d at 1147. When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment should be granted. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

HD argues that S.N.A.'s breach of contract claims are barred by the doctrine of res judicata on the ground that S.N.A. did not assert or preserve those claims under the confirmed Plan. S.N.A. responds that a finding of res judicata is improper because this

adversary proceeding and the confirmation proceedings do not share an identity of claims or an identity of parties. Next, S.N.A. argues that, even assuming, *arguendo* that the elements of res judicata exist, the Plan reserved the cause of action. Lastly, S.N.A. argues that HD is estopped from asserting the affirmative defense of res judicata by the Court's Order dated December 4, 1996.

## I. Res Judicata

■ The doctrine of res judicata provides that final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); *D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 259 (7th Cir.1997); *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1363 (7th Cir.), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). "The doctrine of res judicata applies in the bankruptcy context." *Crop–Maker Soil Serv. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir.1989). Three requirements must be met for the doctrine of res judicata to apply: (1) an identity of the parties or their privies in both the prior and subsequent suits; (2) an identity of the cause of action in the two suits; and (3) a final judgment on the merits in the prior suit. *Crop–Maker*, 881 F.2d at 439; *Matter of Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir.1987).

■ The doctrine of res judicata in the bankruptcy context is generally applied where a contested matter or an adversary proceeding arising in the bankruptcy proceeding provided an opportunity to litigate a claim. *See MAI Systems Corp. v. C.U. Tech., Inc. (In re MAI Systems)*, 178 B.R. 50, 55 (Bankr.D.Del.1995). In this case, HD argues that the Plan confirmation hearing is the action, and that the Confirmation Order bars any claim by S.N.A. which could have been raised in the confirmation proceeding

and which is not expressly reserved in the Plan.

The parties do not dispute that the third element is met and that this Court's Order of January 12, 1995 confirming the Plan constitutes a final judgment on the merits by a court of competent jurisdiction.[2] However, S.N.A. argues that neither identity of parties nor identity of claims exists between the confirmation hearing and this adversary proceeding.

### A. Identity of Parties

■ The "[i]dentity of parties" element is satisfied where the parties in interest are, "persons whose interests are properly placed before the court by someone with standing to represent them." *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir.1987). For the purposes of adjudication, a party in interest includes "all who are directly interested in the subject matter and who have a right to make defense, control the proceedings, examine and cross-examine witnesses and appeal from the judgment if an appeal lies." *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir.1990) (quoting 1 A. Freeman, *A Treatise of the Law of Judgments* § 430, at 936–37 (5th ed.1925)).

■ S.N.A. and HD are parties to this adversary proceeding. The debtor, S.N.A., is clearly a participant in the confirmation proceedings. It is also well established that all creditors of a debtor are parties in interest to bankruptcy confirmation proceedings. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1551 n. 5 (citing 8 *Collier on Bankruptcy*, ¶ 3020.04 (15th ed.1989)). This Court on July 22, 1996 allowed HD to file a proof of claim against S.N.A.; therefore, HD is a creditor with a proof of claim in the bankruptcy estate.

S.N.A. argues that HD was not part of the confirmation proceedings because it had "successfully argued that it was not a party to the confirmation hearing and is not bound by the confirmation order." (*See* S.N.A.'s Mem. in Opp. to HD's Mot. for Summ. J. p.

---

2. As an interesting aside, it is important to note that a confirmed plan is a hybrid. While it is a court order, courts have also held that any ambiguity should be analyzed according to the principles of state contract law. *See UNR Indus., Inc. v. Paterson Factory Workers*, 176 B.R. 472, 474 (N.D.Ill.1994).

10). However, HD has not previously argued that it is not a party to the confirmation hearing. Instead, HD argued only that was unable to file its claim in a timely manner due to a lack of notice it. (*See* HD's 402(M) Statement, ¶ 14). The Court held that HD's proof of claim was deemed timely under the Plan and rejected S.N.A.'s assertion that HD was not a known creditor prior to the confirmation of the Plan.

Accordingly, HD is a known creditor of S.N.A. whose interests have been affected by the confirmation proceeding. Therefore, the element of identity of parties is fulfilled because S.N.A. and HD are the parties to this adversary proceeding and were also both parties to the confirmation hearing.

### B. Identity of Causes of Action

As to the identity of causes of action, the Seventh Circuit has defined that element as follows: "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost." *Matter of Energy Co-op.*, 814 F.2d at 1226, 1230–31 (7th Cir.1987), cert. denied, 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987)(quoting *Restatement (Second) of Judgments* § 24 (1982)). Federal law defines a single cause of action as " 'a core of operative facts' which gives rise to a remedy." *Energy Co-op.*, 814 F.2d at 1231. In drawing a brighter line the Seventh Circuit has suggested that "two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993). Thus the issue is not what effect the present cause of action might have had on the earlier one, but whether the same facts are involved in both cases, so that the present cause of action should have been asserted in the prior case.

The doctrine of res judicata has typically been applied where a prior contested matter or adversary proceeding, arising in a Chapter 11 proceeding, provided an opportunity to litigate a claim. *MAI Sys. Corp. v. C.U. Tech., Inc. (In re MAI Sys. Corp.)*, 178 B.R. 50, 55 (Bankr.D.Del.1995). In this case, it is undisputed that there was no contested matter or adversary proceeding raising the underlying claims of S.N.A.'s complaint. However, HD asserts that the confirmation proceedings are identical to the breach of contract action.

In support of this concept, HD asserts "a Chapter 11 bankruptcy case encompasses all matters pertaining to S.N.A.-creditor relationship that [the debtor] or any creditors might raise to advance their interest in the proceeding." *Kelley v. South Bay Bank (In re Kelley)*, 199 B.R. 698, 702 (9th Cir.BAP 1996); *Sure–Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 874–75 (2nd Cir. 1991); *see, Micro–Time Management Sys., Inc. v. Allard & Fish, P.C.*, 983 F.2d 1067 (Table), 1993 WL 7524 (6th Cir.) cert. denied, 510 U.S. 906, 114 S.Ct. 287, 126 L.Ed.2d 237 (1993) (Malpractice claim against Trustee's counsel should have been litigated in bankruptcy proceedings thus barred by res judicata); *In re Varat Enterprises, Inc.*, 81 F.3d 1310 (4th Cir.1996)(res judicata bars objection to treatment of secured creditor in the plan where the order confirming the plan was based, in part, on the transaction at the core of the dispute presented by the objection.).

In *Sure–Snap*, the confirmed plan determined the validity of the claim and the amount to be paid to State Street Bank, Sure–Snap's pre-petition lender. Post-confirmation, Sure–Snap filed a complaint against State Street and another bank alleging tortious banking practices and related lender liability theories. In particular, the complaint alleged that pre-petition, State Street had suddenly terminated Sure–Snap's line of credit, and forced the company into bankruptcy. This same claim had appeared in a disclosure statement. *Id.* at 871. The court emphasized the close relation between the allegations of the complaint, and the focus of Sure–Snap's plan of reorganization. *Id.* at 874–75. Further, all such allegations could have and should have been raised in determining the lender's claim. By providing for the validity and amount of the lender's claim in the plan, the debtor was barred by res judicata from relitigating the issue post-confirmation. *Id.; accord, D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 1996 WL 224517 at *3 (N.D.Ill.

1996), aff'd, 112 F.3d 257, 259 (7th Cir.1997) (parties agreed that elements of res judicata had been satisfied and in the Confirmation Order, the Court found that Defendant had not acted in bad faith in proposing a plan or in resetting the interest rate); *Eubanks v. F.D.I.C.*, 977 F.2d 166 (5th Cir.1992) (holding that the lender liability claims of the debtor are precluded by res judicata); *Matter of Howe*, 913 F.2d 1138 (5th Cir.1990) (same); *Heritage Hotel Limited Partnership I v. Valley Bank of Nevada*, 160 B.R. 374 (9th Cir. BAP 1993) (same).

Similarly, *In re Kelley* dealt with a scenario wherein debtors alleged that the Bank failed to dispose of its collateral in commercially reasonable manner and failed to obtain debtors' consent before extending their loan agreement. 199 B.R. at 703. The charges and counter-charges were the subject of pre-confirmation negotiations which resulted in a compromise whereby the claim was allowed in a specified amount and the Bank changed its vote to an acceptance of the plan. The *Kelley* decision, however, turned on the sufficiency of the reservation of rights under the plan. The court held that the reservation was not sufficient for res judicata purposes.

■ HD is mistaken to the extent that it suggests that a confirmation order includes any claim by S.N.A. that could have been raised in the bankruptcy proceedings or the confirmation proceedings. This Court agrees with the court in *MAI* that the accurate rule is that any claim which must have been determined by, or should have been part of, the confirmation or other final judgment proceeding process, is barred by res judicata. *See In re MAI Sys. Corp.*, 178 B.R. at 55.

In *MAI*, the court concluded that the Chapter 11 debtor's post-confirmation claims against a patent licensee, ex-employees and others for breach of contract and various torts were not barred by res judicata. *Id.* The court stated that none of the elements of res judicata had been satisfied. The court

opined that there was a "threshold problem" regarding the application of res judicata. *Id.* The court noted that the claims had never been raised in either a contested matter or an adversary proceeding. To circumvent this "threshold problem" the defendant argued that the confirmation hearing was the action. *Id.* However, the court concluded that unlike the lender liability claims in *Sure–Snap* the claims in *MAI* were not integrally related to the reorganization plan. *Id.*

As in *MAI,* the cause of action in this case is not integrally related to the Plan of confirmation. This Court's Order confirming the Plan did not involve any facts remotely connected to the first cause of action.[3] The *Sure–Snap* and *Kelley* disputes centered on a loan and activities related to that loan. All of which led to a confirmation which dealt specifically with the loan activities.

■ A general rule that confirmation acts as an adjudication of any claim that could have been raised in the bankruptcy proceedings or the confirmation proceedings is without merit. There is considerable authority for the limited proposition that a plan of reorganization confirmation is binding on all parties to the plan with regard to all questions that could have been raised pertaining to the plan. *See* 11 U.S.C. § 1141(a); 5 L. King, *Collier on Bankruptcy* ¶ 1141.01, at 1141–5 (15th ed.1983); *see also Varat,* 81 F.3d at 1317; *In re Weidel,* 208 B.R. 848, 852 (Bankr.M.D.N.C.1997). That general principle does not dispose of the issue presented here. Confirmation of a Chapter 11 plan has three effects. First, section 1141(a) provides that the debtor issuing securities or acquiring property under the plan and any creditor or equity security holder or general partner in the debtor are bound by the provisions of the plan. *See* 11 U.S.C. § 1141(a). Second, section 1141(b) and (c) provide that, except as may be otherwise provided in the plan or in the order confirming the plan, confirmation vests all property of the estate in the debtor, and property dealt with by the plan

---

3. The Debtor asserts that its claim was not ripe for suit until after confirmation of the Plan because until that time it was still required to mitigate its damages. However, under Illinois law, a cause of action for breach of contract accrues at the time of the breach and not when a party sustains damages. *See* 810 ILCS 5/2–725(2) (1997); *Hermitage Corp. v. Contractors Adjustment Co.,* 166 Ill.2d 72, 77, 209 Ill.Dec. 684, 651 N.E.2d 1132 (1995).

is free and clear of all claims and interests of creditors, equity security holders, and general partners. *See* 11 U.S.C. § 1141(b), (c). Finally, plan confirmation discharges the debtor from all claims arising prior to the date of confirmation subject to certain exceptions. *See* 11 U.S.C. § 1141(d).

Nothing in the Bankruptcy Code or the legislative history suggests that confirmation of a plan was to have the effect of barring the debtor from pursuing undisclosed assets in the case.[4] *See In re MAI Sys. Corp.,* 178 B.R. at 55–56 ("[O]nly creditors of a debtor have an obligation to determine and file claims."); *Oneida Motor Freight, Inc.,* 848 F.2d at 421 (3rd Cir.1988) ("As the court acknowledges, no compulsory counterclaim statute or rule required [the debtor] to assert its claim in the bankruptcy proceedings.") (Stapleton, J., dissenting); *In re Auto West, Inc.,* 43 B.R. 761, 763 (D.Utah 1984). Moreover, absent special circumstances, at a confirmation hearing the debtor's only obligation is to satisfy the standards outlined in 11 U.S.C. § 1129 as well as other applicable provisions of the Bankruptcy Code. *In re MAI Sys. Corp.,* 178 B.R. at 55. Section 1129 does not require the debtor to include every dispute it may have had involving specific entities with which it had commercial relationships. A Chapter 11 plan classifies claims according to various classes, and while some classes consist of a single creditor, HD's claim is in a class with multiple creditors.

Finally, the rule would contravene the central purposes of the Chapter 11 proceeding. A Chapter 11 proceeding gives a debtor a breathing spell from paying its creditors, provides it with an adequate opportunity to restructure its liabilities and business operations in anticipation of the fresh start that it receives under 11 U.S.C. § 1141. *Id.* at 56. The requirement to file all claims before entry of the confirmation order, at the risk of having the claims barred by res judicata,

would restrict the ability of the debtor's principals to focus upon restructuring the debtor.

The Court concludes that there is no identity of cause and that the breach of contract action therefore is not barred by res judicata. This Court respectfully disagrees with the proposition that all causes of action, whether or not dealt with during the pendency of the Chapter 11 proceeding, are barred by the order confirming the plan. However, res judicata may be the result from confirmation if all three elements have been met.

## II. Judicial estoppel

A party will be judicially estopped from asserting a position inconsistent with one previously asserted in a prior proceeding. *See Matter of Cassidy,* 892 F.2d 637, 641 (7th Cir.1990). The doctrine intended to prevent the perversion of the judicial process. *Id.* HD contends that S.N.A.'s position in the instant motion starkly contrasts the position it took in opposing HD's motion to dismiss this case, by quoting S.N.A.'s statement that "this adversary proceeding is related to [S.N.A.'s] Chapter 11 case because any recovery in this case is all about how much amount money will come in to [S.N.A.'s] coffers." (*See* HD's 402(M) Statement, Ex. N, p.4). HD argues that by taking this position, S.N.A. asserted that the confirmation proceedings encompass all matters involved in debtor-creditor relationship, including the amount owed to, and by S.N.A. The Court disagrees, claims raised in the instant case differ from those matters addressed in the bankruptcy proceeding, and HD's position need not be addressed further.

## III. Specific Reservation of Rights

HD argues that the Plan does not specifically reserve the present cause of action citing *D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York,* 112 F.3d 257 (7th Cir.1997). However, in *D & K Properties Crystal Lake* the parties did not dispute that the elements of res judicata had been satisfied. In the instant case, all of the

---

4. HD has not argued that S.N.A. is equitably or collaterally estopped from bringing the instant case therefore this Court need not discuss the matter. "The doctrine of equitable estoppel allows a person's act, conduct or silence when it his duty to speak preclude him from asserting a right he otherwise would have had against another who relied on that voluntary action." *Weidel,* 208 B.R. at 853 (quoting *Varat,* 81 at 1317); *see Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414 (3rd Cir.1988). The distinction between collateral estoppel, or issue preclusion, and res judicata is discussed in *Levinson v. United States,* 969 F.2d 260 (7th Cir.1992).

elements of res judicata are not satisfied, it is unnecessary for the Court to discuss whether the Plan sufficiently reserved this cause of action.

### IV. HD is not estopped from asserting res judicata as an affirmative defense by the December 4, 1996 Court Order

 S.N.A. argues that HD is estopped from asserting the defense of res judicata by the following language in the December 4, 1996 Court Order:

> Nothing contained in this Agreed Order or the orders contemplated herein shall constitute a release of any of S.N.A.'s claims set forth in Adversary 96 A 01237, S.N.A. Nut Company v. Häagen–Dazs Co., Inc. It is the intention of the parties hereto that S.N.A.'s claims against Häagen–Dazs set forth in Adversary 96 A 01237, S.N.A. Nut Company v. Häagen–Dazs Co., Inc., shall survive and shall be enforceable.

(*See* S.N.A.'s 402(N) Statement, ¶ 17). S.N.A. argues that in accordance with this language, the order "expressly preserve[s] the claims raised in this case from res judicata attack." (*See* S.N.A.'s Mem. in Opp. to HD's Mot. for Summ. J. p. 12). However, the parties agreed that settling S.N.A.'s first adversary complaint "shall not constitute a release from any of S.N.A.'s claim's" and does not prevent HD from raising affirmative defenses. As HD notes, the final sentence of the Court's Order states:

> Häagen–Dazs ... reserves all rights to defend against any claims that are or become the subject of Adversary Proceeding 96 A 01237, S.N.A. Nut Company v. Häagen–Dazs Co., Inc.

(*See* S.N.A.'s 402(N) Statement, Ex. C, p.3). Res judicata provides an affirmative defense. *D & K Properties Crystal Lake,* 112 F.3d at 259. Therefore, HD is not estopped from asserting the defense of res judicata by the December 6, 1996 Court Order.

### V. CONCLUSION

For the foregoing reasons, the Court denies the motion Of the Haagen–Dazs Company, Inc., for Summary Judgment.