In re NATIONAL INDUSTRIAL
CHEMICAL COMPANY,
Debtor.

Louis C. Johns, Plaintiff,

v.

Catherine Steege, not individually but solely as the Chapter 7 trustee of National Industrial Chemical Company and the City of Chicago, a municipal corporation, Defendants.

Bankruptcy No. 94 B 24486.
Adversary No. 97 A 01630.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 13, 1999.

Chester H. Foster, Jr., Foster & Kallen, Chicago, IL, for Plaintiff.

Catherine Steege, Frances Gecker, Joseph D. Frank, Jenner & Block, Chicago, IL, for Defendant.

Esther E. Tryban–Telser, City of Chicago, Department of Law, Chicago, IL.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the motion of Catherine Steege, not individually but solely as the Chapter 7 Trustee of National Industrial Chemical Company (the "Trustee"), for a remanded ruling on her motion to dismiss Louis C. Johns' ("Johns") complaint seeking both a declaratory judgment that certain drums containing hazardous waste materials are property of National Industrial Chemical's ("NIC") bankruptcy estate and an order directing the Trustee to clean up the waste materials. The motion to dismiss was converted to a motion for summary judgment by order of this Court dated June 11, 1999.

For the reasons set forth herein, the Court now grants the Trustee's motion for summary judgment.

## I. JURISDICTION

Jurisdiction lies under 28 U.S.C. § 1334 and core jurisdiction exists under 28 U.S.C. § 157(b)(2)(A) and (O). This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409.

## II. PROCEDURAL HISTORY

NIC filed a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, on December 12, 1994. The case was converted to a Chapter 7 case on October 19, 1995.

Johns filed his three-count complaint against the Trustee on December 2, 1997. Count I of the complaint sought a declaration as to ownership of certain drums containing waste materials. Count II sought a declaration that the provisions of the automatic stay, 11 U.S.C. § 362, were inapplicable to the City of Chicago. Count III sought a modification of the automatic stay to allow the City of Chicago (the "City") to name the Trustee as a defendant in a lawsuit seeking cleanup of the drums of waste materials.

The Trustee moved for dismissal on the grounds that the drums were never property of the estate and that Johns lacked standing to seek to modify the stay on behalf of the City. The Trustee also raised the defense of *res judicata.* The Court did not reach the issue of *res judicata*, but granted the Trustee's motion after taking judicial notice of documents in the public record and Johns appealed.

The District Court for the Northern District of Illinois affirmed the dismissal of Counts II and III, but reversed the dismissal of Count I and remanded so that this Court could address the issue of whether dismissal of Count I was justified on the grounds of *res judicata. Johns v. Steege (In re National Industrial Chemical Co.),* 1998 WL 887065 (N.D.Ill. Dec. 11, 1998). The Trustee filed the instant motion for a remanded ruling and the Court converted the motion to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012. The parties were each given the opportunity to present all materials made pertinent to such a motion by Federal Rule of Civil Procedure 56. The parties filed a statement of uncontested facts and responses thereto pursuant to Local Bankruptcy Rule 402(M) and (N).

## III. BACKGROUND

This statement of facts has been compiled from the record of the NIC case before the Court and from the parties' statement of uncontested facts and the responses thereto made pursuant to Local Rule 402(M) and (N).

NIC generated various waste materials during the operation of its business. Those materials were stored in drums in a building located at 600 W. 52nd Street, Chicago, Illinois (the "Property"). William Lerch ("Lerch"), NIC's president and sole shareholder, owned the Property.

The question of who must clean up the drums of waste arises from the intersection of several different legal actions. Sometime in 1996, the City of Chicago filed a lawsuit against both NIC and Lerch, seeking fines and disposal of "leaking drums of hazardous waste stored throughout the premises."

On April 22, 1996, Lerch filed a petition for relief under Chapter 13 of the Bankruptcy Code. On July 12, 1996, the Court converted Lerch's Chapter 13 case to a Chapter 7 case. James Carmel ("Carmel") became the interim trustee of Lerch's Chapter 7 estate. On December 9, 1996, Carmel gave notice to Lerch, his creditors, and other parties in interest that he

sought the Court's permission to sell the Property and equipment:

> [T]he Trustee is advised that the real estate is subject to potential environmental clean-up liability, the exact amount of which is not known to the Trustee.... Sale by the Trustee, if approved by the Court, will be subject to any and all outstanding liens, claims, encumbrances, real estate taxes and any liability for environmental clean-up, as is and shown and without any warranties.

On January 8, 1997, the Court issued an order authorizing Carmel "to sell the Trustee's right, title and interest in and to the real estate located at 600 W. 52nd Street, Chicago, Illinois ... and certain machinery, equipment and personal property located in and on said real estate, subject to all liens, claims, encumbrances and any and all environmental liability...." Johns purchased the Property from Lerch's bankruptcy estate.

After Johns purchased the Property, he leased it to Nichem Corp. Lerch is Nichem's president.

On January 6, 1997, the Trustee filed an adversary complaint against Lerch, asking the Court to deny his discharge under 11 U.S.C. § 727.

On June 30, 1997, Johns filed a proof of administrative priority claim in the amount of $1,200,000 against the NIC bankruptcy estate (the "Priority Claim"). Johns stated that "[c]laim is based on failure of Estate to remove hazardous waste materials from 600 West 52nd Street, Chicago, Illinois ... as described on attached reports."

On July 22, 1997, the Trustee and Lerch settled their adversary case. As partial consideration for the settlement, Johns agreed to withdraw the Priority Claim against the NIC estate with prejudice. Johns signed a stipulation (the "Stipulation") which stated in part that "[i]n the event that a final order is entered by this Court approving the settlement between Catherine Steege, as Trustee, and William Lerch, then in that event the withdrawal of the aforesaid Proof of Administrative Priority Claim shall be final and no right of reinstatement shall exist." The Court approved the settlement agreement (the "Lerch Settlement") and the Stipulation.

On September 18, 1997, the City impleaded Johns as an additional defendant to its suit against NIC and Lerch. Johns filed the instant adversary case on December 2, 1997.

On August 13, 1998, the Circuit Court of Cook County Illinois entered a consent decree and settlement agreement (the "City Settlement") in the City's suit against NIC, Lerch, and Johns. The City Settlement was made between Lerch and the City and provides that Lerch will clean up the drums in accordance with an attached plan of remediation (the "Remediation Plan").

The Remediation Plan provides in part that 400 drums will be disposed of at an average cost of $700 per drum. All drums must be removed by the last day of February 2002. The Remediation Plan also provides that clean-up will be accelerated if Johns succeeds in this suit against the Trustee.

## IV. DISCUSSION

The purpose of summary judgment under Federal Rule of Civil Procedure 56 is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Farries v. Stanadyne/Chicago Division,* 832 F.2d 374, 378 (7th Cir.1987); *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Assoc. of Indianapolis,* 806 F.2d 146, 149 (7th Cir. 1986). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Elect. In-*

dust. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990). The existence of factual disputes is sufficient to deny summary judgment only if the disputed facts are outcome determinative. *Jones Truck Lines, Inc. v. Republic Tobacco, Inc.,* 178 B.R. 999, 1003 (Bankr. N.D.Ill.1995). The burden is on the moving party to show that there is no such factual dispute. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *In re Chicago, Missouri & Western Ry. Co.,* 156 B.R. 567 (Bankr.N.D.Ill.1993). This burden is met when the record, as a whole, does not lead a rational trier of fact to find for the non-moving party. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249–250, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted). The respondent may not rest upon mere allegations or denials in its pleadings. *Id.*

The Trustee raises the doctrine of *res judicata* as an affirmative defense to Johns' complaint, based upon the Stipulation. Johns argues that the elements of *res judicata* have not been met. Johns raises the additional argument that the doctrine of extrinsic ambiguity mandates denial of the Trustee's motion. Because the essential facts are undisputed and only legal questions remain, summary judgment is appropriate on both issues.

## A. Res Judicata

■ The doctrine of *res judicata* ensures the finality of decisions. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). It bars relitigation of claims that were or could have been raised in an earlier proceeding. *D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York,* 112 F.3d 257, 259 (7th Cir. 1997). It bars "litigation of all grounds for, or defenses to, recovery that were

previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding". *Brown,* 442 U.S. at 131, 99 S.Ct. 2205.

■ *Res judicata* applies to proceedings in bankruptcy. *S.N.A. Nut Co. v. Haagen–Dazs Co., Inc.,* 215 B.R. 1004, 1008 (Bankr.N.D.Ill.1997). Usually, *res judicata* applies in bankruptcy where a contested matter or an adversary proceeding provided the opportunity to litigate a given claim. *Id.*

■ The three elements of *res judicata* are: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Golden v. Barenborg,* 53 F.3d 866, 869 (7th Cir.1995). Johns asserts that none of the elements are present in this case.

### 1. Identity of the Causes of Action

Johns asserts that his present cause of action is different than his prior claim because he now seeks a declaratory judgment that the NIC estate should clean up the Property rather than compensatory damages for doing so himself.

■ The Seventh Circuit determines identity of the causes of action using the "same transaction" test. *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir.1986). Under the same transaction test, a claim has identity with a previous claim where both claims arise from a single core of operative facts. *Brzostowski v. Laidlaw Waste Systems, Inc.,* 49 F.3d 337, 339 (7th Cir.1995). "[T]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assocs., Inc.,* 999 F.2d 223, 226 (7th Cir.1993). *Res judicata* bars a subsequent suit "if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir.1999). Courts

must not describe the facts of the cases too broadly, but must examine them at a sufficient level of specificity. *Andersen v. Chrysler Corp.,* 99 F.3d 846, 852–53 (7th Cir.1996). However, a mere change in legal theory does not create a new cause of action. *Id.; Alexander v. Chicago Park District,* 773 F.2d 850, 854 (7th Cir.1985).

The events, circumstances and other factual nebulae in the instant case are the same as those alleged in the Priority Claim. Specifically, Johns' Priority Claim was based upon the presence of the drums of waste materials on the Property and the NIC bankruptcy estate's alleged failure to remove them. Johns alleged that NIC generated the materials stored in the drums and that the NIC bankruptcy estate thus owned them. He sought 1.2 million dollars from the NIC estate to compensate him for the costs of remediation. The claim in the adversary proceeding now before the Court is based upon the presence of the drums of hazardous waste materials on the Property and the NIC bankruptcy estate's alleged failure to remove them. Johns alleges that NIC generated the materials stored in the drums and that the NIC bankruptcy estate thus owns them. Johns seeks a declaration that the NIC estate owns the drums of waste and must remediate and remove the drums of waste from the Property.

The only difference between the two claims is that by his Priority Claim, Johns sought money damages to clean up the drums from the NIC bankruptcy estate and in the present action, he seeks a declaratory judgment that the NIC estate owns the drums and must thus clean them up itself. The present claim does not even reflect a change in legal theory, but merely seeks a different form of relief than that requested in the Priority Claim.

The facts alleged in both claims are identical. So, ultimately, is the relief sought, which is that, in one way or another, the NIC estate pays for the cleanup of the drums of waste. There is identity of the causes of action.

### 2. Identity of the Parties

The two counts of Johns' complaint which involved the City have been dismissed. The City was never a party to the remaining count, which seeks a declaratory judgment only against the NIC estate.

The parties to the present action are identical to the parties to the prior claim.

Johns argues that there is no identity of the parties because the City was not a party to the proceedings related to Johns' Priority Claim. His argument has no basis in either law or fact.

■■■ *Res judicata* applies even where the present action includes parties that were not joined in the previous action, so long as the party against whom the doctrine is asserted was a party to the earlier litigation. *Dreyfus v. First Nat'l Bank of Chicago,* 424 F.2d 1171, 1175 (7th Cir. 1970); *see also, U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, (stating that "the naming of additional parties does not eliminate the *res judicata* effect of a prior judgment …") *Id.* Johns and the Trustee were both parties to Johns' Priority Claim. *Res judicata* thus applies in the present action even though Johns has named the City as an additional defendant.

### 3. Final Judgment on the Merits

On July 24, 1997, Johns withdrew his Priority Claim with prejudice.

■■■ Federal Rule of Bankruptcy Procedure 3006 governs the withdrawal of claims. Fed.R.Bankr.P. 3006. The withdrawal of a proof of claim under Rule 3006 is analogous to voluntary dismissal of a claim under Federal Rule of Civil Procedure 41. *Smith v. Dowden,* 47 F.3d 940, 942 (8th Cir.1995); *see also,* Committee Notes, Fed.R.Bankr.P. 3006 "Courts have traditionally analogized a creditor's claim to a civil complaint, a trustee's objection to an answer, and an adversarial proceeding to a counterclaim." *Id.* Thus, the Court

may apply case law discussing claim dismissal under Rule 41 to questions involving claim withdrawal.

 A voluntary dismissal with prejudice is a final judgment for purposes of *res judicata.* *U.S. v. Cunan,* 156 F.3d 110, 114 (1st Cir.1998); *Chase Manhattan Bank v. Celotex Corp.,* 56 F.3d 343, 345 (2d Cir.1995); *Clark v. Haas Group, Inc.,* 953 F.2d 1235, 1238 (10th Cir.1992); *Astron Industrial Assocs., Inc. v. Chrysler Motors Corp.,* 405 F.2d 958, 960 (5th Cir.1968). Johns withdrew his Priority Claim, which is equivalent to dismissing his cause of action, with "finality" and "no right of reinstatement."

There has been a final judgment on the merits.

## B. *Extrinsic Ambiguity*

The doctrine of extrinsic ambiguity is a defense to a contract. It applies when background facts indicate that the true meaning of a contract, seemingly clear on its face, is something other than its plain meaning. *In re Stoecker,* 5 F.3d 1022, 1029–30 (7th Cir.1993). The burden of production rests with the party asserting the extrinsic ambiguity. *Id.* at 1030.

It is undisputed that Johns withdrew his Priority Claim as partial consideration for Lerch's settlement with the Trustee. It is undisputed that the Priority Claim was for failure of the NIC estate to remove hazardous waste materials from the Property.

The Stipulation is unambiguous. Nor do the other facts that Johns raises to create ambiguity succeed in doing so. Johns states: (1) that the City had not named him as party to its lawsuit when he withdrew his claim; (2) that the claim was aimed at NIC's prepetition failure to act; (3) that he and the Trustee have no contractual relationship; and (4) that the Trustee has presented no evidence that the term "withdrawal" was meant to bar a later lawsuit.

The first three alleged facts have no impact on the plain meaning of the withdrawal. As for the fourth fact, the Trustee is under no burden to present evidence about the meaning of the word "withdrawal." The undisputed facts give "no indication that the parties did not mean what they said or that the plain words used must or may have had 'extrinsic ambiguity.'" *Greenfield Direct Response, Inc. v. ADCO List Mgt. (In re Greenfield Direct Response),* 171 B.R. 848, 856 (Bankr. N.D.Ill.1994).

## V. CONCLUSION

For the foregoing reasons, summary judgment is granted in favor of the Defendant, Catherine Steege, not individually, but as the Chapter 7 Trustee of National Industrial Chemical Company.