JOURNAL ENTRY AND OPINION
The appellant, Harvey J. McGowan, appeals the decision of the trial court granting summary judgment in favor of the Cuyahoga Metropolitan Housing Authority (CMHA). The appellant further appeals the trial court's repeated allowance of the appellee to file responses to appellant's trial court filings after the deadlines had past. For the reasons set forth below, we affirm in part and reverse and remand in part.
The appellant was employed from June 22, 1985 to July 16, 1998 as a Lieutenant in the CMHA police division. The CMHA is a political subdivision of the State of Ohio that provides low income housing to residents of Cuyahoga County under R.C. 3735.27 et seq. The appellee, by and through its agents, terminated the appellant's employment based upon findings that he engaged in conduct unbecoming an officer and sexually harassed a female employee at the agency. The appellant, however, who is a dark-colored black male, contends that the termination was based upon his race and color, in violation of R.C. 4112.02(A).
On July 14, 2000, the appellant filed the above-titled action in the Court of Common Pleas, Case No. 413005. The appellee, on or about August 23, 2000, moved the court for leave to plead and to respond to the appellant's complaint. The trial court granted the appellee's motion and extended the answer deadline until September 29, 2000, and set a case management conference for October 10, 2000.
On the date of the case management conference, the appellee filed a "Motion for Leave to File Answer Instanter and to Deem Done," with the court. This motion was granted by the trial court on October 24, 2000.
The trial court conducted a case management conference to establish the filing deadlines for discovery and motions for summary judgment. The appellee filed its motion for summary judgment on October 17, 2000. Appellee's argument focused solely on the claim that appellant's claim was barred under the doctrine of res judicata. On November 17, 2000, the appellant filed his objection to the motion for summary judgment. The appellee's reply brief was due on November 29, 2000; however, appellee failed to file its motion for leave to file reply brief instanter until December 19, 2000. The motion was granted and the reply was accepted into the record.
On January 4, 2001, the trial court granted the Defendant's Motion for Summary Judgment. The appellant thereafter filed a timely notice of appeal and asserts the following three assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR LEAVE TO FILE ANSWER INSTANTER AND TO DEEM DONE
 II. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF INSTANTER.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE'S UNLAWFUL DISCRIMINATION CLAIM, WHERE THERE EXISTS GENUINE ISSUES OF MATERIAL FACT.
Since appellant's first and second assignments of error discuss the issue of a court's discretion in granting untimely filings, we shall address them together.
Appellant contends that the trial court abused its discretion in granting appellee's two motions after they were filed late and with no demonstration of excusable neglect.
Civ.R. 6(B) states in pertinent part:
 [T]he court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period may permit the act to be done where the failure of the act was the result of excusable neglect * * *.
The decision to grant untimely motions is within the sound discretion of the trial court and therefore will not be disturbed upon review absent a showing of an abuse of discretion. Marion Production Credit Assn. v. Cochran (1988), 44 Ohio St.3d 265.
The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87. In order for the appellee's motion for leave to be granted, there must be some showing of excusable neglect. Miller v. Lint (1980),62 Ohio St.2d 209. The determination of whether neglect was excusable or inexcusable must take into consideration all the surrounding facts and circumstances. Griffey v. Rajan (1987), 33 Ohio St.3d 75.
The appellee's first Motion for Leave to File Answer Instanter and to Deem Done was filed on October 10, 2000, the day both parties were to appear for a case management conference. The motion states that this motion is necessary because defendant has never been informed of the action upon its Motion for Leave to Plead filed on August 23, 2000, and the court's docket has not reflected such action as recently as October 2, 2000. The trial court granted the motion thereby considering the appellee's reason for its untimely filing to be sufficient to satisfy the requirement of excusable neglect.
The appellant further contends that the appellee's "Plaintiff's Objection to Defendant's Motion for Leave to File Reply Brief Instanter" should not have been granted as it was filed twenty days past the cut-off date established by the trial court at the case management conference.
In appellee's Defendant's Motion for Leave to File Reply Brief Instanter, it states: [A] response to `plaintiff's brief and opposition to motion for summary judgment' is warranted and has been delayed due to the fact that Attorney Marco Graves, previously assigned to this matter, is no longer employed by the Cuyahoga Metropolitan Housing Authority to provide the briefing. The docket does reflect that on November 16, 2000, the appellee filed a motion for substitution of counsel. This substitution could reasonably result in confusion regarding the proper representation of the appellee.
Appellant's first and second assignments of error are without merit. The decisions of the trial court in granting both motions are not an abuse of discretion, and this court cannot conclude that the reasons behind the late filings were anything but excusable neglect due to the circumstances.
In appellant's third assignment of error, he contends that the trial court improperly granted summary judgment in favor of the appellee.
The standard of review for an appellate court on a lower court's granting of summary judgment is de novo. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
The movant possesses the burden of establishing that no genuine issue of material fact exists. This burden must be satisfied by specifically producing evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, et cetera, which demonstrate the nonmoving party's lack of support toward his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
The appellee's motion for summary judgment was based on the contention that there was no genuine issue as to any material fact since the appellant has already asserted this claim before.
The doctrine of res judicata has been discussed by the Ohio Supreme Court in Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, where the court adopted the language of 1 Restatment of the Law 2d, Judgments (1982), Sections 24-25. The Grava court found that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Fort Frye Teachers Assn., OEA/NEA v. State Employment Relations Bd. (1998), 81 Ohio St.3d 392, at syllabus, citing Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379. Additionally, the Grava court quoted the Restatement explaining that this rule `applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) to present evidence or groups of theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action.' Schul v. Ely (February 2, 2001), Montgomery App. No. 18402, unreported, 2001 Ohio App. LEXIS 344, at 4.
Regarding the issue of res judicata with federal court, to the extent to which a federal court judgment operates as res judicatain the federal court, it also operates as res judicata in Ohio State courts." Powell v. Doyle (October 8, 1998), Cuyahoga App. No. 72900, unreported, 1998 Ohio App. LEXIS 4812, at 8, citing Horne v. Whoever (1959), 170 Ohio St. 178. In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits. Id. citing, DK Properties Crystal Lake v. Mutual Life Ins. Co. of New York (C.A., 1997), 112 F.3d 257.
While the appellant has filed cases at both the state and federal levels, the application of res judicata cannot be said to apply. The actions filed by the appellant in state court, excluding the current case on review, have not involved the appellant's claims based on his termination. Both of the appellant's earlier state actions focused on his suspension from the CMHA or were for injunctive relief. The appellant was not afforded his full opportunity to litigate any claim relating to his termination.
In addition, the appellant's claims in federal court resulted in a similar fate. His first action in federal court, (Case No. 1:97CV2735), dealt solely with actions relating to his suspension from work. This court does not view a suspension as appellant's opportunity to litigate a claim for wrongful termination. Further, while the appellant's second federal case, (Case No. 1:99CV506), dealt solely with his wrongful termination, the action of the court was to dismiss the appellant's claim pursuant to the appellee's 12(B)(6) Motion to Dismiss for failure to state a claim upon which relief may be granted. A motion to dismiss is limited to an analysis of only the complaint. In that case, all allegations in the complaint are taken as true and viewed in a light most favorable to the plaintiff.
In this situation, the court's actions do not rise to the level of a judgment on the merits because the action was dismissed based on an analysis of the complaint. Therefore, under the guidelines established in Grava and Powell, without a judgment based on the merits, the appellee's claim of res judicata is not valid. Since this was the only basis argued by the appellee in its original motion for summary judgment, this court must reverse the decision of the trial court in granting the appellee's motion and remand the case for further proceedings.
Judgement affirmed in part, reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share equally the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND JAMES J. SWEENEY, J., CONCUR.