112 F.3d 257
 37 Collier Bankr.Cas.2d 1380, Bankr. L. Rep. P 77,400
D & K PROPERTIES CRYSTAL LAKE, an Illinois Partnership,
Plaintiff-Appellant,
v.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a New York
corporation, Defendant-Appellee.
 No. 96-2278.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 9, 1996.
Decided April 17, 1997.
 
 Robert F. Coleman, Jerry S. Menge (argued), Coleman & Associates, Eugene I. Pavalon, Pavalon & Gifford, Chicago, IL, for Plaintiff-Appellant.
 Steven M. Hartmann (argued), Felice K. Bernstein, Freeborn & Peters, Chicago, IL, for Defendant-Appellee.
 Before COFFEY, MANION, and EVANS, Circuit Judges.
 MANION, Circuit Judge.
 
 
 1
 D & K Properties Crystal Lake ("D & K") seeks to sue Mutual Life Insurance Company of New York ("MONY") for bad faith breach of contract, even though it admits its suit is barred by res judicata. D & K argues that it expressly reserved this cause of action earlier and therefore that it may still assert the claim. Because we disagree that the claim was expressly reserved, we affirm the district court's dismissal of D & K's lawsuit.
 
 I.
 
 2
 In January of 1991 MONY, a mortgage lender, increased the interest rate on a secured note it held on the Commons of Crystal Lake, D & K Limited Partnership's $20.3 million shopping center. When D & K challenged the new rate as contrary to the terms of the lending agreement, MONY accelerated the loan. In response, in June 1991, D & K filed a complaint in the Circuit Court of Cook County challenging MONY's actions. D & K subsequently amended the complaint to allege that MONY's adjustment of the interest rate was improper and intended "to force a forfeiture and to destroy the business of [D & K]."
 
 
 3
 Six months later D & K filed for Chapter 11 bankruptcy protection. D & K proposed a reorganization plan which included a cram-down provision lowering the interest rate of MONY's loan. MONY proposed an alternative plan which liquidated D & K's assets and satisfied its creditors in a shorter period of time. D & K objected to MONY's plan, arguing that MONY had both proposed its alternative reorganization plan and reset D & K's interest rate in bad faith. Following evidentiary hearings, the bankruptcy court rejected D & K's plan and confirmed MONY's plan. In doing so the bankruptcy court expressly found that MONY had not acted in bad faith.
 
 
 4
 Prior to the confirmation MONY had removed to the federal bankruptcy court, as a related case, the complaint D & K originally filed in the Circuit Court of Cook County in June of 1991 (Case No. 91 CH 5081). Following a hearing on the issues of that case, the bankruptcy court denied the relief requested by D & K relating to the note held by MONY and whether MONY had improperly adjusted the interest rate on the note, and closed the case. D & K did not appeal the ruling.
 
 
 5
 Pursuant to the approved liquidation plan, MONY filed an application for allowance of its secured claim and the validity of its secured lien. The claims were allowed on May 31, 1994 and the bankruptcy disbursing agent sold the shopping center and distributed the proceeds to D & K's creditors, including MONY. D & K did not file any objections to MONY's application nor did it appeal any of the bankruptcy court's rulings.
 
 
 6
 Among other provisions of the plan, paragraph 7.1 provided:
 
 
 7
 From and after the Effective Date [of the plan], the Disbursing Agent, on behalf of the Debtor and the Estate, shall enforce all causes of action existing in favor of the Debtor and the Debtor in Possession.
 
 
 8
 After D & K's assets had been liquidated and redistributed, D & K sought and obtained from the disbursing agent a motion to the bankruptcy court to abandon to D & K the cause of action which forms the basis for the lawsuit now before this court: "[T]o the extent the Breach of Contract Action may be deemed a cause of action within the purview of Section 7.1 of the Plan, ... [the disbursing agent] prays for the entry of an order authorizing it to abandon same...." The bankruptcy court granted the motion. D & K thereafter filed in Cook County Circuit Court a complaint alleging in Count I that MONY's decision to reset D & K's interest rate breached the terms of the note and had been done in bad faith because it resulted from MONY's decision to get out of the mortgage banking business. Count II alleged tortious interference with contract. The case was removed to federal court based on diversity of the parties and the amount at issue.
 
 
 9
 MONY filed a motion to dismiss on the ground that D & K's claims were barred by res judicata.[1] The district court found that D & K's claims were raised or could have been raised in the bankruptcy action. Because res judicata applies to bankruptcy court decisions in this context, Crop-Maker Soil Serv. v. Fairmount State Bank, 881 F.2d 436, 439 (7th Cir.1989), the district court granted the motion and dismissed the complaint. D & K appeals the court's dismissal of count I.
 
 II.
 
 10
 The doctrine of res judicata bars relitigation of claims that were or could have been asserted in an earlier proceeding. Levinson v. United States, 969 F.2d 260, 262 (7th Cir.), cert. denied, 506 U.S. 989, 113 S.Ct. 505, 121 L.Ed.2d 441 (1992). A claim is precluded where it shares three elements with an earlier action: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. Barnett v. Stern, 909 F.2d 973, 978 (7th Cir.1990). Here, D & K concedes both that it could have brought this action before the confirmation of the bankruptcy plan and that res judicata ordinarily would bar it from bringing the action after the confirmation of the plan. See, e.g., In re Heritage Hotel Partnership I, 160 B.R. 374, 377 (9th Cir. BAP 1993) ("Like final judgments, confirmed plans of reorganization are binding on all parties, and issues that could have been raised pertaining to such plans are barred by res judicata." (quoting J.S. Gilbert, Substantive Consolidation in Bankruptcy: A Primer, 43 Vand.L.Rev. 207, 239 (1990))). However, D & K correctly observes, res judicata does not apply when a cause of action has been expressly reserved for later adjudication. "Under a generally accepted exception to the res judicata doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action." Apparel Art Intern. v. Amertex Enters., 48 F.3d 576, 586 (1st Cir.1995); see also Matter of Energy Co-op., Inc., 814 F.2d at 1233 ("If a court reserves for later resolution an issue that might otherwise have been adjudicated in the initial proceeding, res judicata will not operate to bar the subsequent suit."). D & K argues that paragraph 7.1 of the confirmed plan expressly reserved its claim of bad faith breach of contract when it included "all causes of action existing in favor of the Debtor" among those to be enforced by the disbursing agent. The district court concluded otherwise, characterizing paragraph 7.1 as a blanket reservation lacking the specificity necessary to reserve a cause of action.
 
 
 11
 Both the district court and MONY rely on Micro-Time Management Systems, Incorporated v. Allard & Fish, P.C., 983 F.2d 1067 (Table), 1993 WL 7524 (6th Cir.), cert. denied, 510 U.S. 906, 114 S.Ct. 287, 126 L.Ed.2d 237 (1993), an unpublished opinion[2] from the Sixth Circuit which is closely on point. In Micro-Time the confirmed plan contained a statement that "all causes of action which the debtor may choose to institute shall be vested with the debtor." Micro-Time at * 5. This is little different than the statement in paragraph 7.1, which provides that the disbursing agent "shall enforce all causes of action existing in favor of the Debtor."[3] Had the disbursing agent abandoned to D & K "all causes of action existing," the provision could appropriately be reworded to provide that "all causes of action existing" now vested with D & K. This statement would be structurally and substantively similar to that in Micro-Time. But the disbursing agent did not abandon "all causes of action." It abandoned only a breach of contract cause of action, to the extent it was one of the "all causes of action existing" in paragraph 7.1. So what causes of action are "existing"? As the Sixth Circuit explained in Micro-Time: "While this language allows [the debtor, in this case D & K] to institute suits, any suit that it institutes would be subject to defenses such as lack of jurisdiction, the statute of limitations, or in this case, the doctrine of res judicata." Micro-Time at * 5. To avoid a defense of res judicata, the claim would have to have been "expressly" reserved; otherwise, "any cause of action that may have existed was extinguished upon the plan being confirmed and not appealed or modified to reserve a right to sue [the defendant in Micro-Time]." Id. at * 6.
 
 
 12
 D & K attempts to distinguish Micro-Time on the ground that it only attempted to reserve existing causes of action and not, as in the case here, causes of action "from and after confirmation of the plan." D & K admits, however, that it could have brought this action prior to confirmation of the plan. The bad faith breach of contract action D & K seeks to prosecute arose when MONY allegedly breached the contract by raising D & K's interest rate. Not only did such an action exist prior to the bankruptcy court's confirmation of the plan, the bankruptcy court considered and rejected a similar suit that was removed to it from state court as part of the bankruptcy case. Furthermore, the distinction D & K seeks to make is pointless. Actions arising after the plan by definition could not have been brought before the plan and thus are not precluded by res judicata in any event. D & K's problem is that the breach of contract claim is not such an action.
 
 
 13
 D & K also argues that in requiring that claims be expressly reserved, the term "express" must be contrasted with "implied," and only requires that the reservation be in writing. Because the reservation in paragraph 7.1 preserves "all cause of action existing" in writing, D & K claims the reservation is "express." D & K is shooting at the wrong target. The problem in Micro-Time, as in this case, was not that the reservation was not in writing, but that the claim sought to be reserved was not identified in the reservation. The identification must not only be express, but also the claim must be specific. A blanket reservation that seeks to reserve all causes of action reserves nothing. To hold otherwise would eviscerate the finality of a bankruptcy plan containing such a reservation, a result at odds with the very purpose of a confirmed bankruptcy plan.
 
 
 14
 The Ninth Circuit Bankruptcy Appellate Panel recently explained the distinction in In re Kelley, 199 B.R. 698 (9th Cir. BAP 1996). In Kelley the bankruptcy confirmation plan contained a reservation that was "express" in that it was written (as would be any reservation in a confirmation plan), but "general" in that it reserved rights to bring claims without identifying the claims. The court explained: "If a confirmed plan expressly reserves the right to litigate a specific cause of action after confirmation, then res judicata does not apply. On the other hand, if the debtor fails to mention the cause of action ... then he will be precluded from asserting it postconfirmation." Id. at 704 (emphasis added; internal citations omitted). The court noted that "[e]ven a blanket reservation by the debtor reserving 'all causes of action which the debtor may choose to institute' has been held insufficient to prevent the application of res judicata to a specific action." Id. (citing In re Hooker Invs., Inc., 162 B.R. 426, 433 (Bankr.S.D.N.Y.1993)). The court determined that the confirmation plan language in Kelley, which attempted to reserve the right to bring "adversary proceedings to contest the amount, allowability, priority and/or secured status of any claims which the Debtors believe are not proper," was little more that a general reservation of rights "insufficient to prevent the application of res judicata." Id. at 704. To avoid res judicata the reservation of a cause of action must be both express, as in writing, and express, as in specifically identified. D & K failed to identify any claim it was reserving and its cause of action thus is barred.
 
 
 15
 D & K urges us instead to rely on language in In re Envirodyne Industries, Inc., 174 B.R. 986 (Bankr.N.D.Ill.1994). There the bankruptcy court commented on the defendant's arguments about res judicata, stating that they "might be persuasive if future causes of action were not reserved for in the Disclosure Statement, Plan and Order...." Id. at 991. Yet even a casual reading of the reservation at issue reveals that the right to preclude claims is both express and specific, even if broadly so, including claims "without limitation" and "of any kind whatsoever not otherwise released pursuant to the terms of the Plan." Id. at 989. The reservation in D & K lacks the specificity, even if broadly stated, of that in Envirodyne. The Envirodyne reservation, broad as it was, was clear in what it purported to reserve. And because it was explicit, the parties not only had an opportunity to dicker over the language, but they were thereafter on notice about which claims were reserved and which were not. In any event, Envirodyne provides scant support because the court explicitly stated that it was not reaching the question of res judicata. Id. at 992.
 
 
 16
 D & K emphasizes the order it sought and obtained abandoning to it the right to bring this action previously reserved to the disbursing agent. Because the order abandons to D & K any claims for breach of contract, D & K argues that the order clarifies the meaning of paragraph 7.1. The district court ruled that the order was parol evidence and thus not admissible to explain what was in effect a contract between the debtor and the creditor. Even if it were not inadmissible, the language abandoning the claim is not as broad or as explicit as D & K suggests. The claim was abandoned "to the extent that the Breach of Contract Action may be deemed a cause of action within the purview of Section 7.1...." If it is not deemed a cause of action explicitly reserved by 7.1, then by its own terms the disbursing agent abandoned to D & K nothing. The disbursing agent cannot abandon rights greater than those granted to it in the confirmed plan. Cf. Sure-Snap Corp. v. State Street Bank and Trust Co., 948 F.2d 869, 873 (2d Cir.1991) (unliquidated claims vested back to the debtor do so subject to res judicata bar). Because the plan extinguishes suits among parties to the plan, unless expressly reserved, the disbursing agent had no claim for breach of contract that was not barred by res judicata. And because the disbursing agent had no such claim, D & K took no such claim under the abandonment order.
 
 
 17
 Citing the rule that bankruptcy plans are analogous to contracts, see UNR Industries, Inc. v. Bloomington Factory Workers, 173 B.R. 149, 156-57 (N.D.Ill.1994), D & K argues that the district court's construction creates a nullity of paragraph 7.1, contrary to general rules of construction that disapprove of so rendering a contract provision. It does not. The paragraph transfers to the disbursing agent "causes of action existing in favor of the Debtor or the Debtor in Possession." This permits, if not requires, the disbursing agent to pursue legal claims D & K might have against others. The idea is to bring into the bankrupt estate all moneys owed to the estate and maximize funds available for distribution to creditors. In D & K's case it might, for instance, authorize the disbursing agent to sue a tenant of the shopping center who owed rent. It does not create blanket authorization to file lawsuits and reopen issues that were considered and settled, or could have been so, as part of the bankruptcy plan. It does not give the disbursing agent, and thus in this case D & K, powers beyond those accorded by the final order, or by the law. So it does not provide D & K with the power to avoid legal bars to actions such as res judicata.[4]
 
 III.
 
 18
 The exception to res judicata that expressly reserved suits may survive a final bankruptcy order is not available to D & K in this case. Accordingly, we affirm the district court.
 
 
 
 [1]
 Because res judicata is an affirmative defense that often requires the court to consider matters outside the complaint, the district court construed MONY's motion to dismiss as a motion for summary judgment. See Fed.R.Civ.P. 8(c) & 12(b); Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir.1965) (applying rule); Batiste v. Burke, 746 F.2d 257 nn. 1, 2 (5th Cir.1984) (discussing relationship between and application of Fed.R.Civ.P. 8(c) & 12(b))
 
 
 [2]
 Unpublished yet increasingly cited. See, e.g., In re Kelley, 199 B.R. 698, 704 (9th Cir. BAP 1996); In re MAI Systems Corp., 178 B.R. 50, 55 (Bankr.D.Del.1995); In re Hooker Invs., Inc., 162 B.R. 426, 433 (Bankr.S.D.N.Y.1993). Seventh Circuit Rule 53(e) provides: "Except to the purposes set forth in Circuit Rule 53(b)(2)(iv), no unpublished opinion or order of any court may be cited in the Seventh Circuit if citation is prohibited in the rendering court." While the Sixth Circuit disfavors citation of unpublished opinions by counsel, it permits citation where the case has "precedential value in relation to a material issue in a case and [ ] there is no published opinion that would serve as well ...." 6th Cir.R. 24(c). The Sixth Circuit rules place no limitation on citation to unpublished opinions by courts
 
 
 [3]
 Indeed, rather than expressly reserving claims against res judicata preclusion, both statements appear merely to set out who is responsible for bringing claims that do exist in favor of the debtor that either survive the bankruptcy order, or arise after its confirmation. Nevertheless, we examine whether they also serve as express reservations of claims capable of surviving the res judicata bar
 
 
 [4]
 Even if we had determined that Section 7.1 reserved this cause of action, an alternative res judicata bar to D & K's claim arises from the May 31, 1994 order allowing MONY's secured claim. D & K did not object to the claim at the May 31 hearing despite having the opportunity to do so. See Fed.R.Bankr.P. 3007 (setting out procedure for objecting to allowance of a claim). By pursuing damages from MONY, D & K is in effect contesting the validity and amount of MONY's claim. Because it had the opportunity to contest the claim before the bankruptcy court, even if the reservation had preserved D & K's right to pursue this action it became barred by res judicata when D & K failed to do so. See Matter of Baudoin, 981 F.2d 736, 741-42 (5th Cir.1993) (discussing relationship between core proceedings, counterclaims, and res judicata)