In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2217

John Michael Petro and Sharon Kay Petro,

Plaintiffs-Appellants,

v.

Tedd E. Mishler, Trustee,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:00-CV-691--Robert L. Miller, Jr., Judge.

Argued December 7, 2001--Decided January 10, 2002


   Before Flaum, Chief Judge, and Manion, and
Diane P. Wood, Circuit Judges.

   Flaum, Chief Judge.  The appellants, two
debtors who have filed for protection
from their creditors under Chapter 13 of
the Bankruptcy Code, have filed the
instant appeal contesting a ruling by the
district court which requires them to
periodically present sworn affidavits
with statements of their income and check
stubs to the standing Chapter 13 Trustee,
as a condition of bankruptcy protection.
For the reasons stated herein, we reverse
the decision of the district court and
remand this case for proceedings not
inconsistent with this opinion.

I.  BACKGROUND

   John and Sharon Petro filed for
bankruptcy under Chapter 13 of the
Bankruptcy Code on March 6, 2000. With
the filing of their bankruptcy petitions,
the Petros also filed a joint Chapter 13
plan, which proposed a series of payments
to be made to their creditors through the
standing Chapter 13 bankruptcy trustee.
On April 19, 2000, the bankruptcy
trustee, Tedd E. Mishler ("the Trustee"),
filed an objection to the Petros' Chapter
13 Plan. The Trustee's objection was not
filed pursuant to any statutory provision
contained in the Bankruptcy Code (namely
sections 1325(a) or (b)). Rather, the
Trustee filed the objection pursuant to

local rules which have been developed in the bankruptcy court of the Northern District of Indiana, South Bend Division. Specifically, the Trustee requested that, as condition of confirmation of their plan, the Petros "starting October 15, 2000, and every six months thereafter until October 15, 2002, . . . send the Standing Chapter 13 Trustee at his offices both an affidavit which shows ALL income in the previous six months for both debtors and . . . attach[ ] ALL check stubs for both debtors for the previous six months." (emphasis in original). The Trustee filed the above objection because he was concerned that the Petros, due to their ages and potential to find work, might earn extra income not factored into the payment schedules contained in their proposed Chapter 13 plan.

The bankruptcy court held hearings on the Trustee's objections. On September 26, 2000, in its Memorandum of Decision, the bankruptcy court noted that the Trustee did not "raise any objection to the confirmation of the [Petros'] plan pursuant to section 1325(a) or (b)" of the Bankruptcy Code. Memorandum of Decision at 6. Furthermore, the bankruptcy court stated that there was "no evidence . . . to demonstrate that the debtors' plan should not be confirmed." Id. at 7-8. However, in spite of these statements, the bankruptcy court, in its Order, "condition[ed] confirmation of the debtors' plan on the debtors' furnishing of periodic financial reports [in the form of affidavits and check stubs] to the Trustee." See Bankruptcy Order.

The Petros objected to the bankruptcy court's order and sought review by the district court. According to the Petros, their proposed Chapter 13 plan met the six requirements set forth by section 1325(a) of the Bankruptcy Code. Section 1325(a) states that, absent a Trustee's objection under 1325(b), the bankruptcy court "shall confirm a [Chapter 13] plan if . . . the plan complies with the [six] provisions" listed in that section. The Petros also noted that the Trustee did not object to the confirmation of their plan pursuant to section 1325(b) of the Code, which provides a vehicle for stand ing Chapter 13 Trustees to object to a debtor's payment plan when it, inter

alia, fails to accord an appropriate amount of that debtor's disposable income to the payment of creditors. The Petros argued that, in light of the fact their plan adhered to statutory requirements, the bankruptcy court did not have the discretion to impose a reporting requirement as a condition of Chapter 13 protection.

The district court disagreed and affirmed the Order (including the reporting requirement) imposed by the bankruptcy court. According to the district court, the broad equitable powers conferred upon bankruptcy judges by the Bankruptcy Code enables them to fashion non-statutory conditions like the reporting requirement in the instant case.

The Petros have appealed the district court's decision to this court.


II.  DISCUSSION

In reviewing the bankruptcy court's order in this case, the district court accorded a considerable amount of deference to the lower court's "findings" and examined the bankruptcy court's Order for clear error. It is our view that the district court should not have accorded that amount of deference to the bankruptcy court, as the bankruptcy court, in imposing the reporting requirement, engaged in a significant measure of statutory and legal interpretation. According to circuit precedent, we review a lower court's interpretation of the bankruptcy statutes de novo. See Matter of Siebert, 914 F.2d 102, 105 (7th Cir. 1990). After review of the district court's decision in this case, we find that it should be reversed.

Section 1325(a) of the Bankruptcy Code unequivocally states that, barring an objection from a bankruptcy Trustee pursuant to 1325(b), a "court shall confirm a [debtor's proposed] plan if" it meets the six requirements set forth in that section. 11 U.S.C. sec. 1325(a). In this case, the Trustee did not object to the Petros' plan pursuant to 1325(b) and the district court found that the Petros' proposed plan met the requirements of section 1325(a). However, in spite of the Petros' statutory compliance, the

district court affirmed the imposition of a reporting requirement because section 105(a) of the Bankruptcy Code permits courts to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. sec. 105(a). The district court concluded that such language allows for the imposition "of requirements not specifically included in 11 U.S.C. sec. 1325(a)" and that "[a] reporting requirement can be, and has been, seen as just such" an extra requirement. District Court Opinion at 6. We do not agree.

The language of section 1325(a) sets forth the specific and limited universe of requirements that must be met by a debtor in his or her proposed Chapter 13 plan. If those requirements are met, and, as here, the Trustee fails to object to the plan pursuant section 1325(b), the statute states that the plan "shall" be approved. The Supreme Court has consistently held that Congress's use of the word "shall" acts as a command to federal courts. See, e.g., Anderson v. Yungkau, 329 U.S. 482 (1947) ("shall" is the "language of command"). Furthermore, by creating a finite list of six affirmative requirements necessary for a plan's confirmation, we assume that Congress intended to exclude other requisites from being grafted onto section 1325(a). See In the Matter of Aberegg, 961 F.2d 1307, 1308 (7th Cir. 1992) ("The bankruptcy court must confirm the Chapter 13 plan if it meets the six requirements of section 1325(a)."). Absent exceptional circumstances, to permit a bankruptcy court to exercise undefined equitable powers to supplement the requirements of 1325(a) would alter that section beyond the scope that Congress intended, transforming the finite list of requirements a debtor must meet to receive bankruptcy protection into a potentially infinite list.

If the Trustee in this case suspected that the Petros were not acting in good faith in proposing their Chapter 13 plan or that they had failed to allocate a significant portion of their disposable incomes to the payment of their creditors, he could have objected under sections 1325(a) or (b). However, he took no such step. Therefore, as the Petros'

plan met the requirements of section 1325(a), the district court should, on remand, approve their plan without the reporting requirement proposed by the Trustee.

As a final note, we understand the concerns that motivated the Trustee (and the diligent trial courts) to craft the reporting mechanism discussed above. The idea that a debtor might artificially deflate his or her income at the time of plan confirmation to avoid higher payments to creditors and then, after confirmation, seek lucrative employment, causes us concern. However, the Trustee retains a remedy to insure that any fortuitous increase in the debtors' income becomes reflected in their payments to their creditors. Section 1329 of the Bankruptcy Code allows a Trustee to move to amend the provisions of a debtor's Chapter 13 plan if circumstances warrant an alteration. If the Trustee, after examining the Petros' income tax returns- which, in this case, are to be submitted to him as a condition of plan approval, discovers that the Petros' incomes have increased, he may (and indeed should) move to alter their plan pursuant to that statutory authorization.

III.  CONCLUSION

For the foregoing reasons, we Reverse the decision of the district court and Remand this case for further proceedings not inconsistent with this opinion.