**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1346**

LVNV FUNDING, LLC, its successors and assigns as assignee of CitiFinancial, Inc.,

                  Creditor – Appellant,

        v.

DERRICK ALLEN HARLING; TERESA STEVENS HARLING,

                  Debtors – Appellees,

        v.

PAMELA SIMMONS-BEASLEY; JOY S. GOODWIN; U. S. TRUSTEE'S OFFICE,

                  Trustees.

-----------------------------------

PAMELA SIMMONS-BEASLEY; NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS,

                  Amici Supporting Appellees.

Appeal from the United States Bankruptcy Court for the District of South Carolina, at Columbia.  David R. Duncan, Chief Bankruptcy Judge.  (15-03369-dd)

**No. 16-1347**

LVNV FUNDING, LLC, its successors and assigns as assignee of Citibank (South Dakota), N.A.,

        Creditor – Appellant,

    v.

JEFFREY JEREL RHODES, a/k/a Jeff Rhodes, a/k/a Jeffery Jerel Rhodes,

        Debtor – Appellee,

    v.

GRETCHEN D. HOLLAND; U. S. TRUSTEE'S OFFICE,

        Trustees.

-----------------------------------

PAMELA SIMMONS-BEASLEY; NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS,

        Amici Supporting Appellee.

Appeal from the United States Bankruptcy Court for the District of South Carolina, at Spartanburg.  Helen E. Burris, Bankruptcy Judge.  (14-03965-hb)

Argued:  January 24, 2017                   Decided:  March 30, 2017

Amended:  April 6, 2017

Before AGEE, KEENAN, and THACKER, Circuit Judges.

2

Affirmed by published opinion. Judge Agee wrote the opinion, in which Judge Keenan and Judge Thacker joined.

---

**ARGUED**: Adam C. Bach, ELLER TONNSEN BACH, Greenville, South Carolina, for Appellant. Jane H. Downey, MOORE TAYLOR LAW FIRM, P.A., West Columbia, South Carolina, for Appellees. **ON BRIEF**: Robert H. Cooper, THE COOPER LAW FIRM, Greenville, South Carolina, for Appellee Jeffrey Jerel Rhodes. John B. Butler, III, Columbia, South Carolina, for Amicus Pamela Simmons-Beasley. Tara Twomey, Allan L. Gropper, NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER, San Jose, California, for Amicus National Association of Consumer Bankruptcy Attorneys.

---

AGEE, Circuit Judge:

LVNV Funding, LLC ("LVNV") appeals from orders of the United States Bankruptcy Court for the District of South Carolina, which disallowed its claims as an unsecured creditor in two proceedings under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code"). *See generally* 11 U.S.C. ch. 13. On appeal, LVNV contends that the bankruptcy court's Chapter 13 plan confirmation orders (the "Confirmation Orders") barred the objections to LVNV's claims because those objections were filed after entry of the Confirmation Orders. For the reasons set out below, we disagree with LVNV and affirm the judgments of the bankruptcy court.

I.

A.

This appeal arises out of two separate Chapter 13 bankruptcy proceedings that followed a similar pattern. On July 11, 2014, Jeffrey Rhodes ("Rhodes") filed in the United States Bankruptcy Court for the District of South Carolina a voluntary petition for relief under Chapter 13. Rhodes' Chapter 13 plan was confirmed on October 17, 2014. On June 26, 2015, Derrick and Teresa Harling (the "Harlings"; collectively with Rhodes, the "Debtors") filed in that same court their own Chapter 13 bankruptcy petition. The bankruptcy court confirmed the Harlings' Chapter 13 plan on August 20, 2015.

The Debtors used "form" Chapter 13 plans, which are utilized by the bankruptcy courts in the District of South Carolina. In their respective plans, the Debtors scheduled their secured debts individually, naming each of their secured creditors, the value of each

4

secured creditor's claim, the value of the lien each secured creditor held in the collateral securing the Debtors' particular obligation, and the amount of each secured creditor's claim that was unsecured by operation of 11 U.S.C. § 506. In contrast to the specific provisions for secured creditors, each plan provided for treatment of unsecured creditors as a single class, so that: "General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims." *E.g.*, J.A. 158. In addition, the Debtors' plans contained a provision reserving the right to object to claims after plan confirmation: "Confirmation of this plan does not bar a party in interest from objecting to a claim." *E.g.*, J.A. 157 (a "reservation of rights" clause).

## B.

LVNV filed proofs of claim in each case before entry of the Confirmation Orders. In Rhodes' case, LVNV filed proof of an unsecured claim in the amount of $761.44 on August 1, 2014. In the Harlings' case, LVNV filed proof of an unsecured claim in the amount of $3,878.86 on July 8, 2015. Neither the Debtors, nor their trustees, took any action regarding LVNV's claims before the respective Confirmation Orders were entered.

As is typical in Chapter 13 proceedings, the claim bar date in each case was later than the date of plan confirmation. Under the Bankruptcy Code's timeline in a Chapter 13 bankruptcy proceeding, plan confirmation and the deadline to file proofs of claim are set relative to the § 341 meeting of creditors. 11 U.S.C. § 341; Fed. R. Bankr. P. 2003(a). Federal Rule of Bankruptcy Procedure 2003(a) sets the § 341 meeting twenty-one to fifty days after the debtor's petition for relief. Under § 1324, the plan confirmation hearing

5

follows twenty to forty-five days after the § 341 meeting, 11 U.S.C. § 1324(b), while the claim bar date is ninety days after the creditor's meeting, Fed. R. Bankr. P. 3002(c). As a consequence, it is common in a Chapter 13 proceeding that the bar date to file claims by unsecured creditors occurs *after* plan confirmation. In Rhodes' case, the claim bar date was November 13, 2014, almost a month after his Confirmation Order was entered. In the Harlings' case, the bar date was October 26, 2015, more than two months after the Confirmation Order was entered.

Rhodes filed his objection to LVNV's proof of claim under 11 U.S.C. § 502 on October 9, 2015, contending that claim was barred by the relevant statute of limitations. Likewise, on August 27, 2015, one week after the Confirmation Order in their case was entered, the Harlings objected to LVNV's proof of claim on the same ground.

LVNV conceded in the bankruptcy court, as it does here, that its claims would ordinarily be barred by the statute of limitations. However, LVNV interposed the defense that the Debtors' objections were invalid and of no effect under the doctrine of res judicata. According to LVNV, the Confirmation Orders were final judgments on the validity of LVNV's claims and, therefore, res judicata precluded the Debtors' later objections. The bankruptcy courts disagreed with LVNV and sustained the Debtors' objections to LVNV's claims in reliance on the reservation of rights clauses in the respective Chapter 13 plans. As a consequence, LVNV's claims were barred by the applicable state statute of limitations, and it will not receive any distribution from the Debtors' Chapter 13 estates.

LVNV now appeals from both decisions. In Rhodes' case, the parties jointly moved the bankruptcy court for leave to bypass the district court and appeal directly to this Court under 28 U.S.C. § 158(d)(2)(A), representing the case presented a question of law as to which there was no controlling decision and that resolution of the issue presented would materially advance the progress of Rhodes' individual case. The bankruptcy court granted the motion, and we accepted jurisdiction.[1] *See* Fed. R. App. P. 5; Fed. R. Bankr. P. 8006.

Meanwhile, LVNV appealed the Harlings' case to the United States District Court for the District of South Carolina under 28 U.S.C. § 158(a). Shortly after filing its notice of appeal in the district court, however, LVNV and the Harlings filed a joint motion for leave to appeal directly to this Court under 28 U.S.C. § 158(d)(2)(A). The district court granted the motion, and again we accepted jurisdiction. *See* Fed. R. App. P. 5; Fed. R. Bankr. P. 8006.

We consolidated the Debtors' cases for purposes of this appeal, over which we have jurisdiction pursuant to 28 U.S.C. § 158(d)(2)(A).


II.

On appeal, LVNV contends that the bankruptcy court erred in approving the Debtors' objections to its unsecured claims, thereby disallowing those claims, because

---

[1] On November 9, 2016, Rhodes filed a notice of conversion to Chapter 7 pursuant to 11 U.S.C. § 1307(a). Any issues in Rhodes' Chapter 7 case are not before us and are not relevant to the issues raised in this appeal.

the Debtors' objections came after entry of the Confirmation Orders. LVNV maintains that confirmation of a Chapter 13 bankruptcy plan has a res judicata effect on all creditor claims filed prior to issuance of the confirmation order. We find that LVNV's position does not satisfy the requirements for the application of res judicata and contradicts the plain language of the Bankruptcy Code and the plan set out by Congress governing Chapter 13 proceedings.

We review the bankruptcy court's application of res judicata de novo. *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough* (*In re Varat Enters., Inc.*), 81 F.3d 1310, 1314 (4th Cir. 1996).

### A.

A debtor's bankruptcy case "involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. __, 135 S. Ct. 1686, 1692 (2015) (internal quotations omitted). In view of this unique status, a bankruptcy case may contain many "final decisions" that do not necessarily fit squarely into the conventional formulation of res judicata, which is a product of "ordinary civil litigation." *See id.* at 1691–92. Nonetheless, Chapter 13 confirmation orders have a preclusive effect on those issues litigated by or determined at confirmation, as the plan confirmation order is a "final determination" as to those matters it actually addresses. *See* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected

8

to, has accepted, or has rejected the plan."); *In re Varat*, 81 F.3d at 1315 ("[T]he confirmation order constitutes a final judgment on the merits with *res judicata* effect.").

In bankruptcy, "[w]e look to res judicata principles developed in our own case law to determine whether an earlier federal judgment, including the judgment of a bankruptcy court, bars a claim asserted in a later action." *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003). Under the doctrine of res judicata, "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat*, 81 F.3d at 1314–15. Res judicata applies where three conditions are met: (1) there is a prior judgment, which was final, on the merits, "and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) the parties to the second matter are identical to, or in privity with, the parties in the first action; and (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015) (internal quotations omitted). A judgment satisfying those three factors is both "claim" and "issue" preclusive. *See In re Varat*, 81 F.3d at 1315; *see also Bravo-Fernandez v. United States*, 580 U.S. __, 137 S. Ct. 352, 358 n.2 (2016) (stating that "res judicata . . . embraces both claim and issue preclusion"). LVNV contends the Confirmation Orders meet the three requirements of res judicata so that the Debtors' objections, coming after the Confirmation Orders were entered, are thus barred. The query before us in this case is what issues were determined by the Confirmation Orders, and, specifically, did the bankruptcy court adjudicate the

merits of any individual unsecured creditor's claim?  It is to that question that we now turn.

B.

The determination of the application of res judicata begins with the Bankruptcy Code's statutory scheme.  That scheme reflects a careful and structured framework set out by Congress.  Section 1325 lays out the requirements for plan confirmation.  Under that statute, the bankruptcy court "shall confirm" a debtor's Chapter 13 plan if it meets the specific requirements therein and "complies with the [other] provisions of" Chapter 13.  11 U.S.C. § 1325(a).  Consequently, Chapter 13 plans must comply with the plan content requirements set forth in § 1322, meaning the plan: (1) must be proposed in good faith; (2) must not "discriminate unfairly" between different classes of unsecured creditors; and (3) must be in the best interest of the debtor's creditors.  *See, e.g.*, *id.* §§ 1322, 1325(a)(3), (4), (7).  These requirements are statutory mandates, and the bankruptcy court lacks the authority to impose additional requirements.  *See Petro v. Mishler*, 276 F.3d 375, 378 (7th Cir. 2002) ("[B]y creating a finite list of . . . affirmative requirements necessary for a plan's confirmation, we assume that Congress intended to exclude other requisites from being grafted onto section 1325(a).").

Section 1322 allows a debtor's Chapter 13 plan to treat unsecured creditors as a single class.[2]  *See* 11 U.S.C. § 1322(b)(1) (allowing the plan to "designate a class or classes of unsecured claims").  When the plan does so, as do the Debtors' plans here, the

---

[2] If a debtor's Chapter 13 plan divides unsecured creditors into more than one class, each class must be considered on its own.  *See* 11 U.S.C. § 1322(a)(3).

bankruptcy court examines only the "pool" of funds available to the class as a whole during plan confirmation. *See id.* § 1322(a)(3) (stating that a debtor's proposed Chapter 13 plan must "provide the same treatment for each claim within a particular class"). Most Chapter 13 plans propose to pay the class of unsecured creditors only to the extent the funds of the bankruptcy estate are available after the plan obligations to secured or priority creditors are satisfied. Accordingly, in confirming a Chapter 13 plan, the bankruptcy court need only determine that the funds available to the class of unsecured creditors are equivalent to or greater than the amount that class would be paid in the course of a Chapter 7 proceeding. *See, e.g.*, *In re Cole*, 548 B.R. 132, 142 (Bankr. E.D. Va. 2016) ("[Section 1325(a)(4)] requires that creditors receive payments having a present value at least equal to what they would receive in a [C]hapter 7 case.").

In other words, the Bankruptcy Code requires the proposed plan to address at plan confirmation only the collective amount that all the Chapter 13 debtor's unsecured creditors as a class will receive after satisfaction of any secured or priority debts. No provision of the Bankruptcy Code provides for the determination of the merits of an individual unsecured claim within the class of unsecured claims as part of plan confirmation. To the contrary, as discussed below, that function is reserved by statute for the claims allowance procedure, which stands separate and apart under the Bankruptcy Code from plan confirmation. *See* 11 U.S.C. §§ 501–502.

Chapter 13 plan confirmation as to unsecured creditors contrasts with the treatment and determination of secured claims. Unlike the general provision for the class of unsecured creditors, a Chapter 13 plan must address the rights of each secured creditor

11

individually by setting out the mode of satisfying that claim in relation to the secured creditor's collateral. *Id.* § 1325(a)(5) (requiring an analysis for "each allowed secured claim provided for by the plan"). Of significance is that Chapter 13 plan confirmation requires that "the holder of such [secured] claim has accepted the plan." *Id.* § 1325(a)(5)(A). No parallel provision exists for unsecured creditors' claims, so whether an unsecured creditor "consents" to a Chapter 13 plan is irrelevant for purposes of plan confirmation. Thus, as a matter of statutory direction, the treatment of each individual secured creditor's claim is bound up in plan confirmation, while an individual unsecured creditor's claim is not.

As noted above, the Bankruptcy Code sets out a specific claim determination process for adjudicating contested claims. Upon filing, a claim is "deemed allowed" under § 502(a). At that point, the debtor, trustee, or other interested party may file an objection, and the bankruptcy court proceeds under § 502 to adjudicate the validity and amount of the claim *vel non*. Nothing in either § 502, § 1325, or elsewhere in the Bankruptcy Code ties adjudication of the allowance of an unsecured creditor's claim to the process or event of Chapter 13 plan confirmation.

An unsecured creditor's claim, if filed before plan confirmation, has already been "deemed allowed" under § 502(a) without any action of the bankruptcy court. Thus, there is nothing under the Bankruptcy Code for the bankruptcy court to adjudicate at plan confirmation regarding an individual unsecured creditor's claim. That matter can only arise should an objection be made under § 502, which sets in motion a determination process under that statute and the Bankruptcy Rules with no relation to plan confirmation.

12

With this statutory structure of the Bankruptcy Code in mind we now turn to the application of res judicata based on the effect of a Chapter 13 plan confirmation order.

C.

For res judicata to apply, there must be an initial final judgment involving the same parties as are present in a later proceeding that is based upon the same cause of action as in the first proceeding. *In re Varat*, 81 F.3d at 1314–15. The Debtors and LVNV agree that the Confirmation Orders are final judgments as to their subject matter and that the Debtors and LVNV were before the bankruptcy court when the Confirmation Orders were entered. Thus, the first two elements of res judicata are met: a prior final judgment with the same parties as now contest an issue in a later proceeding. The question to resolve is whether the objections to LVNV's claims by the Debtors raise the same cause of action as before the bankruptcy court in plan confirmation. The plain language of the Bankruptcy Code and clear structure of the bankruptcy process set out by Congress confirm that they do not.

When the bankruptcy court entered the Confirmation Orders, it was required to determine whether the respective plans met the requirements of § 1322 and § 1325. If so, the bankruptcy court was required to confirm the plans. *See* 11 U.S.C. § 1325(a). Thus, the "cause of action" in the first proceeding was whether the Debtors' plans met the requirements for plan confirmation. They did. Indeed, LVNV did not contend before the bankruptcy court, and does not contend now, that the Debtors' plans failed to meet any of the requirements for plan confirmation. Accordingly, the issue for res judicata purposes is whether the "cause of action" in the later proceeding—the validity of the Debtors'

13

objections to LVNV's claims—was any part of the cause of action in the first proceeding, plan confirmation. As to unsecured creditors, it was not. All the bankruptcy court adjudicated in the Confirmation Orders as to unsecured creditors was whether, *as a class*, that class would be paid "to the extent that funds [we]re available after payment of all other allowed claims." *E.g.*, J.A. 95.

As foreshadowed in the earlier discussion, this conclusion is compelled by the plain language of the Bankruptcy Code and Rules, which govern the allowance of claims and "contested matters." Upon filing, a claim or interest is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Thus, LVNV's claims were already "deemed allowed" by the Bankruptcy Code when they were filed before plan confirmation. This "deemed allowance" was subject to statutory divestiture under § 502(b) if an objection was filed and then sustained by the bankruptcy court. Only when an objection to a claim is filed does the bankruptcy court "determine the amount of such claim" and "allow [that] claim in such amount." *See id.* § 502(b). The filing of an objection to claim begins a "contested matter," governed by Federal Rules of Bankruptcy Procedure 3007 and 9014. *See, e.g.*, *Gentry v. Siegel*, 668 F.3d 83, 92 (4th Cir. 2012) (observing that a contested matter arises once "an objection to [a] claim has been interposed"). *See generally* Fed. R. Bankr. P. 3007(a) (establishing the procedure for filing objections to claims); *id.* 9014 (establishing the procedure for the adjudication of "contested matters"). Under the plain text of the relevant rules and statutes, there is no deadline for the initiation of such an objection. Nothing in the Bankruptcy Code ties contested matters for unsecured claims to a timeline related to plan confirmation.

This specific statutory structure for the adjudication of objections to claims leads to the conclusion that Congress has made Chapter 13 plan confirmation and claim-allowance on contested unsecured claims to be separate and distinct actions within a debtor's bankruptcy proceeding. *See Bullard*, 135 S. Ct. at 1692 (observing that bankruptcy involves the "aggregation of individual controversies"). The Chapter 13 plan confirmation only adjudicates whether the plan meets the requirements of § 1322 and § 1325. Neither statute vests in the bankruptcy court the adjudication of the merits of an individual unsecured creditor's claim as part of plan confirmation. Such a determination is specifically allocated by the Bankruptcy Code to a separate proceeding under § 502. Thus, for res judicata purposes, a bankruptcy court's later § 502 determination to allow or disallow an unsecured creditor's claim is not based on any matter that was before the bankruptcy court as part of plan confirmation. In effect, whether an objection to an unsecured creditor's claim is filed before or after plan confirmation makes no difference in the plan confirmation proceeding.

There is no "prior judgment," final or otherwise, "on the merits" as to any individual unsecured creditor's claims in the Confirmation Orders. The second cause of action—the determination of the validity of LVNV's claims—could not be based on the same cause of action in the plan confirmation proceeding because the issue of claim allowance was never before the court. *See In re Varat*, 81 F.3d at 1314–15 (setting out the requirements for res judicata in a bankruptcy case). At no point in the § 502 contested matter regarding the allowance of LVNV's claims was the bankruptcy court required, or even asked, to reconsider the matters decided by the Confirmation Orders:

15

the fulfillment by the Debtors' plans of the § 1322 and § 1325 requirements. As a consequence, the Confirmation Orders cannot be res judicata as to an unsecured creditor's claim because an essential element of res judicata is absent.

LVNV's argument conflates the separate and distinct proceedings of § 1325 plan confirmation and a § 502 contested claim.[3] Congress purposefully created these events as two separate and distinct proceedings. The Confirmation Orders only affected those matters that were decided under § 1325 as part of the plan confirmation, which did not consider anything regarding the validity of a contested individual unsecured claim regardless of when that claim was filed. Thus, considered under the clear framework of the Bankruptcy Code, res judicata cannot apply to bar the Debtors' objections to LVNV's claims.

---

[3] Further illustrating the dissonance between LVNV's position and Congress' intent, as expressed in the Bankruptcy Code, is the fact that LVNV would create two classes of unsecured creditors from the *single* class of unsecured creditors set out in the Debtors' confirmed plans—a result at odds with the terms of the Confirmation Orders, as well as 11 U.S.C. § 1322(a)(3) and (b)(1). On the one hand, LVNV would create a class of favored unsecured creditors whose claims were filed prior to plan confirmation and made final at that point in its view. On the other hand, LVNV would create a separate class of disfavored unsecured creditors whose claims are filed after confirmation and, therefore, are open to challenge at any time prior to the debtor's § 1328 discharge, which may come several years after plan confirmation. Nothing in the Bankruptcy Code authorizes that result and contradicts the single class of unsecured creditors approved by the bankruptcy court in the Confirmation Orders. To its credit, LVNV has abandoned the argument that plan confirmation would be res judicata as to all unsecured creditors' claims, even those filed *after* plan confirmation. That argument would lead to the absurd result that plan confirmation would be res judicata for claims not yet filed when the bankruptcy court confirmed a plan.

D.

Notwithstanding this statutory framework, LVNV contends that our opinion in *Covert v. LVNV Funding, LLC*, 779 F.3d 242 (4th Cir. 2015), and the Seventh Circuit's opinion in *D & K Properties Crystal Lake v. Mutual Life Insurance Co. of New York*, 112 F.3d 257 (7th Cir. 1997), compel a different conclusion. LVNV argues these cases stand for the proposition that confirmation of a debtor's Chapter 13 plan is a final adjudication on the merits of all creditor claims filed prior to entry of the confirmation order, not just the claims of secured creditors. We disagree.

In *Covert*, the plaintiffs brought a class action suit in federal district court against LVNV under the Fair Debt Collection Practices Act ("FDCPA") and other consumer-protection statutes. 779 F.3d at 244–45. The plaintiffs alleged that, in their prior individual bankruptcy proceedings, LVNV's proofs of claim violated the FDCPA and gave them a cause of action against LVNV. *Id.* However, the plaintiffs never objected to LVNV's unsecured claims in their bankruptcy proceedings and did not include the FDCPA claim as an asset of their Chapter 13 estates. *See id.* Instead, the plaintiffs waited for their Chapter 13 plans to pay out and obtained § 1328 discharges for any liability to LVNV before making their claims outside the bankruptcy court against LVNV. *See id.* at 245, 247–49. The district court dismissed the plaintiffs' claims against LVNV, and we affirmed based on the doctrine of res judicata. *Id.* at 245.

In effect, the *Covert* plaintiffs raised outside of the bankruptcy court a defense to LVNV's proof of claim—a defense that could and should have been asserted through the claims-allowance process under § 502, but also an asset that should have been included

17

as part of the plaintiffs' bankruptcy estates. 11 U.S.C. §§ 541(a), 1306(a)(1). For res judicata purposes, *Covert* reflects only that debtors who do not object to proofs of claim during their bankruptcy proceeding are precluded from later litigating the subject matter of those claims for personal gain outside the Chapter 13 bankruptcy proceeding as a way to avoid including the claim as an asset in their bankruptcy estate. Had the *Covert* plaintiffs met their obligations as Chapter 13 debtors, the FDCPA claims would have been part of their Chapter 13 estates and included in the § 1325(a)(4) determination— whether the debtors' proposed plans were in the "best interest" of their creditors—by the bankruptcy court in plan confirmation. However, the *Covert* plaintiffs failed to comply with the requirements of the Bankruptcy Code for their Chapter 13 plans. Therefore, the Court in *Covert* was correct to reject the plaintiffs' claims.

Here, the Debtors have timely objected to LVNV's claim in the bankruptcy court. And they have not brought a proceeding outside of the bankruptcy court to circumvent the requirements of their Chapter 13 plans to obtain a personal benefit to the detriment of their other creditors.

Likewise, *D & K Properties* is neither on point nor persuasive. There, the Seventh Circuit recognized that a debtor's collateral suit against one of its *secured* creditors was barred under the doctrine of res judicata. *See D & K Props.*, 112 F.3d at 259–60. D & K Properties sued one of its secured creditors, Mutual Life Insurance Company ("Mutual Life"), in an Illinois state court, alleging, in essence, a breach of contract and bad faith. *Id.* at 258–59. When D & K Properties later filed for bankruptcy, Mutual Life removed D & K Properties' suit to the bankruptcy court, which ruled in favor of Mutual Life on

the merits. *Id.* at 259. D & K Properties did not appeal that ruling, but instead paid Mutual Life's claim as part of its bankruptcy plan. *Id.* As in *Covert*, after D & K Properties received a discharge from bankruptcy, it again brought suit against Mutual Life in an Illinois state court, alleging the same breach of contract, as well as a related tortious interference with contract claim. *Id.* Mutual Life removed the case to federal district court, which held that D & K Properties' suit was barred under the doctrine of res judicata. The Seventh Circuit affirmed, ruling that res judicata "ordinarily would bar [D & K Properties] from bringing the action after the confirmation of the plan." *Id.*

Again, the case at bar has no correlation to *D & K Properties*. LVNV is an unsecured creditor, not a secured creditor, which would be bound by a confirmed Chapter 13 plan. More importantly, *D & K Properties* represents classic res judicata. D & K Properties' post-bankruptcy action in district court clearly covered the prior cause of action actually litigated to a final, prior judgment in a contested matter by the bankruptcy court. No such connection is present in the case before us.

****

In sum, we hold that the Debtors' objections to LVNV's proofs of claim as an unsecured creditor are not barred by the doctrine of res judicata. When the bankruptcy court confirmed the Debtors' Chapter 13 plans, it only considered treatment of unsecured creditors as a single class. There was no adjudication of the claim of any individual unsecured creditor as part of plan confirmation. Determining the validity of individual unsecured claims is a distinctly separate process under § 502 both in procedure and timing. Therefore, an essential element for application of res judicata—that the later

19

proceeding is the same cause of action as in the prior case—is simply absent from the Chapter 13 plan confirmation as to unsecured creditors like LVNV.  Thus, res judicata cannot be said to apply in the bankruptcy court's later determination of contested unsecured claims under § 502.[4]


III.

Based on the foregoing, the judgments of the bankruptcy court are

*AFFIRMED*.

---

[4] Both the parties and the bankruptcy court addressed the res judicata issue in terms of the adequacy of the reservation of rights clauses.  For the reasons noted above, we find it unnecessary to address the issue in that way as the application of res judicata is plainly answered under the text and structure of the Bankruptcy Code and Rules.